

**Dechert**
LLP

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: July 2, 2007

30 Rockefeller Plaza
New York, NY 10112-2200
+1 212 698 3500  Main
+1 212 698 3599  Fax
www.dechert.com

JOSEPH F. DONLEY

joseph.donley@dechert.com
+1 212 649 8724  Direct
+1 212 698 0424  Fax

*MEMO ENDORSED p3*

RECEIVED JUL - 2 2007 CHAMBERS OF RICHARD M. BERMAN U.S.D.J.

June 29, 2007

**VIA HAND DELIVERY**

Hon. Richard M. Berman
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 14A
New York, NY 10007

Re: *Grunstein et al. v. Ronald E. Silva, et al.*, Case No. 07 Civ. 3712

Dear Judge Berman:

We are counsel to defendants in the above-captioned matter. Defendants intend to file a motion to dismiss, and in accordance with this Court's practices regarding pre-motion conferences, we respectfully submit this letter to describe the principal arguments in support of the motion.

The complaint should be dismissed because plaintiffs are bound by a forum selection clause that requires their claims to be filed in Delaware Chancery Court. In addition, plaintiffs' allegation of an oral partnership agreement to split the equity of Beverly Enterprises Inc. ("Beverly") in three ways is contradicted by their own prior statements. At most, plaintiffs have alleged only an unenforceable "agreement to agree." In addition, defendants intend to move to dismiss based on a lack of personal jurisdiction.

This is the third attempt by Mr. Grunstein and closely related parties to claim a "success fee" for a merger transaction to take Beverly private that their client never completed. These parties cannot dispute that under an August 2005 merger agreement and amendments ("Merger Agreement"), the right of their special-purpose company, North American Senior Care, to purchase Beverly was assigned to defendant Pearl Senior Care, LLC, and that the Merger

# Dechert
LLP

Hon. Richard M. Berman
June 29, 2007
Page 2

Agreement did not provide for payment of any fee to the plaintiffs or MetCap Securities LLC ("MetCap"). Mr. Grunstein, lead plaintiff in this case, is a principal of a holding company of MetCap.

In an initial action filed in New York Supreme Court and removed to the Southern District in March 24, 2006, Metcap alleged that it was entitled to a $20 million fee from Pearl Senior and certain other defendants on the theory, among others, that the Merger Agreement should be reformed (the "*MetCap*" litigation). After the *MetCap* case was removed to this Court, plaintiffs moved to attach funds designated for Beverly shareholders. Defendants opposed the attachment contending, *inter alia*, that the Merger Agreement's forum selection clause required the case to be filed in Delaware Chancery Court, and that plaintiffs could never show a probability of success. The late Judge Richard C. Casey denied the motion for attachment and, on the record, expressed grave doubt about the merits of the action.

Following Judge Casey's ruling, plaintiffs dismissed their complaint in this Court and refiled in Delaware Chancery Court. The Delaware action sought the same $20 million fee. Vice Chancellor Noble recently dismissed plaintiffs' claims for fraud and as a third-party beneficiary, dismissed in part the claim for unjust enrichment, and expressed serious reservations about plaintiffs' remaining claim for reformation. *See MetCap Secs. LLC v. Pearl Senior Care, Inc.*, 2007 Del. Ch. LEXIS 65 (Del. Ch. May 16, 2007).

Plaintiff's latest edition of their claims in this Court seeks a $100 million payment based upon a supposed oral agreement to give them a one-third interest in Beverly following the transaction. Similar to the *MetCap* case, plaintiffs' claims are subject to the mandatory forum selection clause contained in the Merger Agreement. Although none of the defendants signed the



Hon. Richard M. Berman
June 29, 2007
Page 3

Merger Agreement as individuals (Mr. Grunstein did sign as principal of one of the original acquiring entities), the plaintiffs are closely-related parties and are bound by the forum clause. *See, e.g., Nanopierce Techs., Inc. v. Southridge Capital Mgmt. LLC*, No. 02 CIV 0767 (LBS), 2003 WL 22882137, at *5 (S.D.N.Y. Dec. 4, 2003). Moreover, on the merits, the alleged partnership agreement is contradicted by prior statements of plaintiffs of which the Court may take judicial notice.

Defendants' therefore respectfully request a pre-motion conference in accordance with your Honor's rules of individual practice. We note that an initial status conference is scheduled before your Honor for July 23, 2007, and it therefore may be efficient for the Court and counsel to address the pre-argument issues at that time. We are authorized to state that plaintiffs' counsel, who will be out of the country from July 2 through July 17, concur in the request to combine the pre-motion conference with the initial conference.

Respectfully yours,

Joseph F. Donley

cc: (by U.S. mail)

---

Pl to respond with 2-3 pp letter by 7/10/07 + we'll discuss on 7/23/07 @ 3:00 P.M. (NOT 9:00 AM).

SO ORDERED:
Date: 7/2/07    Richard M. Berman
Richard M. Berman, U.S.D.J.