# EXHIBIT B

EXECUTION VERSION

# AGREEMENT AND PLAN OF MERGER

### BY AND AMONG

### NORTH AMERICAN SENIOR CARE, INC.,

### NASC ACQUISITION CORP.,

### BEVERLY ENTERPRISES, INC.

### AND

### SBEV PROPERTY HOLDINGS LLC (solely for purposes of Article 9)

DATED AS OF

August 16, 2005

NY\1050793.10

## TABLE OF CONTENTS

**Article 1 Defined Terms and Interpretation** ...........1
   Section 1.1 Certain Definitions ...........1
   Section 1.2 Terms Defined Elsewhere ...........10
   Section 1.3 Interpretation ...........13

**Article 2 The Merger** ...........14
   Section 2.1 The Merger ...........14
   Section 2.2 Closing ...........14
   Section 2.3 Effective Time ...........15
   Section 2.4 Effect of the Merger ...........15
   Section 2.5 Certificate of Incorporation; By-laws ...........15
   Section 2.6 Directors and Officers ...........15

**Article 3 Conversion of Securities; Exchange of Certificates** ...........16
   Section 3.1 Conversion of Securities ...........16
   Section 3.2 Exchange of Certificates ...........17
   Section 3.3 Dissenters' Rights ...........20
   Section 3.4 Stock Transfer Books ...........20
   Section 3.5 Company Equity and Long-Term Incentive Awards ...........21

**Article 4 Representations and Warranties of the Company** ...........23
   Section 4.1 Organization and Qualification; Subsidiaries ...........23
   Section 4.2 Certificate of Incorporation and By-laws; Corporate Books ...........24
   Section 4.3 Capitalization; Subsidiaries ...........24
   Section 4.4 Authority ...........25
   Section 4.5 No Conflict; Required Filings and Consents ...........26
   Section 4.6 Compliance with Laws ...........27
   Section 4.7 SEC Filings; Financial Statements ...........28
   Section 4.8 Proxy Statement and SEC Filings ...........29
   Section 4.9 Absence of Certain Changes or Events ...........29
   Section 4.10 Benefit Plans; Employees and Employment Practices ...........29
   Section 4.11 Contracts; Debt Instruments ...........33
   Section 4.12 Litigation ...........37
   Section 4.13 Environmental Matters ...........38
   Section 4.14 Intellectual Property ...........39
   Section 4.15 Taxes ...........40
   Section 4.16 Insurance ...........41
   Section 4.17 Real Estate ...........43
   Section 4.18 Board Approval ...........48
   Section 4.19 Brokers ...........49
   Section 4.20 Indebtedness ...........49
   Section 4.21 Identifying Health Care Businesses; Licenses and Permits; Compliance with Applicable Law; Health Care Regulation ...........49

Section 4.22 Restricted Payments .................................................................................... 52
Section 4.23 OSHA ......................................................................................................... 53

## Article 5 Representations and Warranties of Parent and Merger Sub .................... 53

Section 5.1 Organization and Qualification .................................................................... 53
Section 5.2 Authority ...................................................................................................... 53
Section 5.3 No Conflict; Required Filings and Consents ............................................... 54
Section 5.4 Compliance With Laws ............................................................................... 55
Section 5.5 Health Care Licensing ................................................................................. 55
Section 5.6 Litigation ..................................................................................................... 55
Section 5.7 Ownership of Merger Sub; No Prior Activities ........................................... 56
Section 5.8 Financing ..................................................................................................... 56
Section 5.9 Vote Required .............................................................................................. 57
Section 5.10 Brokers ...................................................................................................... 57
Section 5.11 Ownership of Company Common Stock ................................................... 57
Section 5.12 Solvency of the Surviving Corporation ..................................................... 57

## Article 6 Covenants ........................................................................................................ 58

Section 6.1 Conduct of Business by the Company Pending the Closing ....................... 58
Section 6.2 Proxy Statement; Company Stockholders' Meeting .................................... 62
Section 6.3 Access to Information; Confidentiality ....................................................... 65
Section 6.4 No Solicitation of Transactions ................................................................... 66
Section 6.5 Commercially Reasonable Best Efforts ....................................................... 69
Section 6.6 Certain Notices ............................................................................................ 73
Section 6.7 Public Announcements ................................................................................ 74
Section 6.8 Employee Matters ........................................................................................ 74
Section 6.9 Indemnification of Directors and Officers .................................................. 78
Section 6.10 State Takeover Statutes .............................................................................. 81
Section 6.11 Section 16 Matters ..................................................................................... 81
Section 6.12 Confidentiality Agreement ........................................................................ 81
Section 6.13 Solvency of the Surviving Corporation ..................................................... 81
Section 6.14 Financing ................................................................................................... 82
Section 6.15 Cooperation in Securing Financing ........................................................... 84
Section 6.16 Further Assurances .................................................................................... 85
Section 6.17 Existing Obligations .................................................................................. 87
Section 6.18 Deposit and Letter of Credit ...................................................................... 88
Section 6.19 Title Matters .............................................................................................. 90

## Article 7 Closing Conditions ......................................................................................... 90

Section 7.1 Conditions to Obligations of Each Party Under This Agreement ............... 90
Section 7.2 Additional Conditions to Obligations of Parent and Merger Sub ............... 91
Section 7.3 Additional Conditions to Obligations of the Company ............................... 94
Section 7.4 Frustration of Closing Conditions ............................................................... 94

ii

NY\1050793.10

**Article 8 Termination, Amendment and Waiver** ...................................................................95
    Section 8.1 Termination .........................................................................................................95
    Section 8.2 Effect of Termination .........................................................................................98
    Section 8.3 Fees and Expenses ..............................................................................................98
    Section 8.4 Termination Fee and Parent Expenses................................................................98
    Section 8.5 Business Interruption Fee .................................................................................100
    Section 8.6 Extension; Waiver ............................................................................................102
    Section 8.7 Amendment ......................................................................................................102

**Article 9 General Provisions** ...............................................................................................102
    Section 9.1 Non-Survival of Representations and Warranties ............................................102
    Section 9.2 Notices..............................................................................................................103
    Section 9.3 Headings ..........................................................................................................104
    Section 9.4 Severability.......................................................................................................104
    Section 9.5 SBEV Obligations ............................................................................................104
    Section 9.6 Entire Agreement..............................................................................................106
    Section 9.7 Assignment ......................................................................................................106
    Section 9.8 Mutual Drafting ................................................................................................106
    Section 9.9 Governing Law; Consent to Jurisdiction; Waiver of Trial by Jury .................107
    Section 9.10 Counterparts....................................................................................................108
    Section 9.11 Specific Performance......................................................................................108
    Section 9.12 Representations and Warranties and Company Disclosure Schedule ...........108

EXHIBIT A    Merger Sub Certificate of Incorporation and By-laws
EXHIBIT B    Form of Letter of Credit

AGREEMENT AND PLAN OF MERGER, dated as of August 16, 2005, by and among North American Senior Care, Inc., a Delaware corporation ("Parent"), NASC Acquisition Corp., a Delaware corporation and a wholly-owned direct Subsidiary of Parent ("Merger Sub"), Beverly Enterprises, Inc., a Delaware corporation (the "Company") and, solely for purposes of Article 9 hereof, SBEV Property Holdings LLC, a Delaware limited liability company ("SBEV").

WHEREAS, the respective Boards of Directors of Parent, Merger Sub and the Company have approved and declared advisable the merger of Merger Sub with and into the Company (the "Merger") upon the terms and subject to the conditions of this Agreement and Plan of Merger, including the exhibits and disclosure schedules attached hereto (the "Agreement") and in accordance with the General Corporation Law of the State of Delaware (the "DGCL");

WHEREAS, the respective Boards of Directors of Parent and the Company have determined that the Merger is in furtherance of, and consistent with, their respective business strategies and is in the best interest of their respective stockholders, and Parent has approved this Agreement and the Merger as the sole stockholder of Merger Sub; and

WHEREAS, Parent, Merger Sub and the Company wish to make certain representations, warranties, covenants and agreements in connection with the Merger and also to prescribe certain conditions to the Merger.

NOW, THEREFORE, in consideration of the foregoing and the respective representations, warranties, covenants and agreements set forth in this Agreement and intending to be legally bound hereby, the Parties agree as follows:

## Article 1
### Defined Terms and Interpretation

Section 1.1 Certain Definitions. For purposes of this Agreement, the term:

"*Affiliate*" shall mean a Person that directly or indirectly, through one or more intermediaries, controls, is controlled by, or is under common control with, the first-mentioned Person, where "*control*" shall mean the possession, directly or indirectly, or as trustee or

Section 9.9 <u>Governing Law; Consent to Jurisdiction; Waiver of Trial by Jury</u>.

*Section 9.9.1* This Agreement shall be governed by, and construed in accordance with, the Laws of the State of Delaware, without regard to conflict of law principles that would result in the application of any law other than the law of the State of Delaware.

*Section 9.9.2* The Parties agree that irreparable damage would occur in the event that any of the provisions of this Agreement were not performed in accordance with their specific terms or were otherwise breached. It is accordingly agreed that the Parties shall be entitled to an injunction or injunctions to prevent breaches of this Agreement and to enforce specifically the terms and provisions of this Agreement, in addition to any other remedy to which they are entitled pursuant to the terms of this Agreement, at law or in equity. Any legal action, suit or proceeding arising out of or relating to this Agreement or the transactions contemplated hereby shall be brought solely in the Chancery Court of the State of Delaware; *provided*, that if (and only after) such courts determine that they lack subject matter jurisdiction over any such legal action, suit or proceeding, such legal action, suit or proceeding shall be brought in the Federal courts of the United States located in the State of Delaware; *provided, further*, that if (and only after) both the Chancery Court of the State of Delaware and the Federal courts of the United States located in the State of Delaware determine that they lack subject matter jurisdiction over any such legal action, suit or proceeding, such legal action, suit or proceeding shall be brought in the United States District Court for the Southern District of New York. Each Party hereby irrevocably submits to the exclusive jurisdiction of such courts in respect of any legal action, suit or proceeding arising out of or relating to this Agreement or the transactions contemplated hereby, and hereby waives, and agrees not to assert, as a defense in any such action, suit or proceeding, any claim that it is not subject personally to the jurisdiction of such courts, that the action, suit or proceeding is brought in an inconvenient forum, that the venue of the action, suit or proceeding is improper or that this Agreement or the transactions contemplated hereby may not be enforced in or by such courts. Each Party agrees that notice or the service of process in any action, suit or proceeding arising out of or relating to this Agreement or the transactions contemplated hereby shall be properly served or delivered if delivered in the manner contemplated by Section 9.2.

Section 9.10 <u>Counterparts</u>. This Agreement may be executed by facsimile and in one or more counterparts, and by the different Parties in separate counterparts, each of which when executed shall be deemed to be an original but all of which taken together shall constitute one and the same agreement.

Section 9.11 <u>Specific Performance</u>. The Company acknowledges and agrees that the Parent would be damaged irreparably in the event that the obligations of the Company to close the transactions contemplated by this Agreement and to call and hold a Company Stockholders Meeting pursuant to Sections 6.2.3 and 6.4.2 hereof, are not performed in accordance with their specific terms or are otherwise breached. Accordingly, the Company agrees that Parent shall be entitled to an injunction or injunctions, and to enforce specifically (i) the closing under this Agreement as long as the Company is not entitled to terminate this Agreement and all of the conditions to the Company's obligations in Article 7 shall have been fulfilled and (ii) the obligations of the Company under Sections 6.2.3 and 6.4.2 to duly call, give notice of, convene and hold a Company Stockholders Meeting for the purposes of the approving the Merger, approving and adopting this Agreement and approving the transactions contemplated by this Agreement, in any court having personal and subject matter jurisdiction, in addition to any other remedy to which Parent may be entitled at law or in equity.

Section 9.12 <u>Representations and Warranties and Company Disclosure Schedule</u>. The Company will identify disclosures in the Company Disclosure Schedule by referring to a specific section of this Agreement with cross references to other sections to which the disclosure of any such fact or item is relevant; *provided*, that the Company will be deemed to have disclosed the relevant fact or item with respect to another section without a cross-reference so long as the relevance of such disclosure to such other section is reasonably apparent on the face of the Company Disclosure Schedule; *provided, further*, that the failure to repeat an item identified in a section of the Company Disclosure Schedule, employ a section reference or cross-reference such item in another section where such reference would be appropriate and is not reasonably apparent on the face of the Company Disclosure Schedule, shall not, in and of itself, constitute a breach of a representation or warranty of the section from which the reference is omitted.

IN WITNESS WHEREOF, Parent, Merger Sub and the Company have caused this Agreement to be executed as of the date first written above by their respective officers thereunto duly authorized.

**NORTH AMERICAN SENIOR CARE, INC.**

By: /s/ Mark Goldsmith
Name: Mark Goldsmith
Title: President

**NASC ACQUISITION CORP.**

By: /s/ Mark Goldsmith
Name: Mark Goldsmith
Title: President

**BEVERLY ENTERPRISES, INC.**

By: /s/ William R. Floyd
Name: William R. Floyd
Title: Chairman, President and Chief Executive Officer

**SBEV PROPERTY HOLDINGS LLC**

By: /s/ Leonard Grunstein
Name: Leonard Grunstein
Title: Manager

IN WITNESS WHEREOF, Parent, Merger Sub and the Company have caused this Agreement to be executed as of the date first written above by their respective officers thereunto duly authorized.

**NORTH AMERICAN SENIOR CARE, INC.**

By: _____
    Name: Mark Goldsmith
    Title: President

**NASC ACQUISITION CORP.**

By: _____
    Name: Mark Goldsmith
    Title: President

**BEVERLY ENTERPRISES, INC.**

By: /s/ William R. Floyd
    Name: William R. Floyd
    Title: Chairman, President and Chief Executive Officer

**SBEV PROPERTY HOLDINGS LLC**

By: _____
    Name: Leonard Grunstein
    Title: Manager

IN WITNESS WHEREOF, Parent, Merger Sub and the Company have caused this Agreement to be executed as of the date first written above by their respective officers thereunto duly authorized.

**NORTH AMERICAN SENIOR CARE, INC.**

By: _/s/ Mark A. Goldsmith_
    Name: Mark Goldsmith
    Title: President

**NASC ACQUISITION CORP.**

By: _/s/ Mark A. Goldsmith_
    Name: Mark Goldsmith
    Title: President

**BEVERLY ENTERPRISES, INC.**

By: _____
    Name: William R. Floyd
    Title: Chairman, President and Chief Executive Officer

**SBEV PROPERTY HOLDINGS LLC**

By: _/s/ Leonard Grunstein_
    Name: Leonard Grunstein
    Title: Manager