# EXHIBIT D

SUPREME COURT, STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------X

METCAP SECURITIES LLC, NORTH AMERICAN       :   Index No.:
SENIOR CARE INC., and NASC ACQUISITION           Date Purchased: March 21, 2006
CORP.                                                                       :
                                                                                    Plaintiff(s) designate(s) New York
                                          Plaintiffs,            :    County as the place of trial.

           - against -                                              :    The basis of the venue is
                                                                                    residence of Plaintiff
PEARL SENIOR CARE, INC.; PSC SUB INC.;        :
GEARY PROPERTY HOLDINGS, LLC; and                SUMMONS
BEVERLY ENTERPRISES, INC.;                             :
                                                                                    Plaintiff(s) reside(s) at
                                          Defendants.       :    405 Lexington Avenue
                                                                                    County of New York
------------------------------------------------------------X

   ***You are hereby summoned*** to answer the complaint in this action and to serve a copy of your answer, or if the complaint is not served with the summons, to serve a notice of appearance, on the Plaintiff's Attorneys within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
          March 20, 2006

                                                                    Respectfully submitted,

                                                                    HELLER, HOROWITZ & FEIT, P.C.
                                                                    292 Madison Avenue
                                                                    New York, New York 10017
                                                                    212-685-7600
                                                                    Attorneys for Plaintiffs

Defendants' Addresses:

Beverly Enterprises, Inc.
1000 Beverly Way
Fort Smith, Arkansas 72919

Pearl Senior Care, Inc.
PSC Sub Inc.
Geary Property Holdings Inc.
Four Embarcadero Center
Suite 710
San Francisco, California 94111

SUPREME COURT, STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------X

METCAP SECURITIES LLC, NORTH AMERICAN
SENIOR CARE INC., and NASC ACQUISITION
CORP.

                                Plaintiffs,        :      COMPLAINT

        - against –                         :      Index No.:

PEARL SENIOR CARE, INC.; PSC SUB INC.;
GEARY PROPERTY HOLDINGS, LLC; and
BEVERLY ENTERPRISES, INC.;

                                Defendants.

------------------------------------------------------------X

        Plaintiffs, by their attorneys, Heller Horowitz & Feit, P.C., complaining of defendants, allege:

        1.     Plaintiff MetCap Securities LLC ("MetCap") is a New York limited liability company, with its principal business in the State and City of New York.

        2.     Plaintiff North American Senior Care, Inc. ("NASC") is a Delaware corporation with its principal place of business of New York.

        3.     Plaintiff NASC Acquisition Corp. (NASC Acquisition) is a Delaware Corporation with its principal place of business in New York.

        4.     Upon information and belief, defendant Pearl Senior Care, Inc. ("PSC") is a Delaware corporation, with its principal place of business in California.

5. Upon information and belief, defendant PSC Sub Inc. ("PSC Sub") is a Delaware corporation, with its principal place of business in California and is a wholly-owned subsidiary of PSC.

6. Upon information and belief, defendant Geary Property Holdings LLC ("Geary") is a Delaware limited liability company, with its principal place of business in California.

7. Upon information and belief, defendant Beverly Enterprises, Inc. ("Beverly") is a Delaware corporation, with its principal place of business in Arkansas. Upon information and belief, Beverly is not qualified to do business in the State of New York.

8. This action arises out of the transaction of business by the defendants in the State of New York.

9. At all relevant times, Beverly, a publicly-held company, was a leading provider of quality healthcare to the elderly with approximately 345 nursing homes throughout the United States.

10. On or about August 16, 2005, Beverly entered into an agreement (the "Merger Agreement") with, inter alia, NASC and NASC Acquisition, which provided for Beverly to be acquired in a merger for cash transaction and related transactions, aggregating more than $2 billion.

11. Plaintiff MetCap acted as the business and financial advisor in connection with the merger and related transactions contemplated thereby, and as such, upon closing under the Merger Agreement, MetCap was entitled to be paid a fee of $20 million and expenses.

12. Under the terms of the Merger Agreement, the parties agreed, as between Beverly and NASC (which is sometimes referred to as "Parent" under the Merger Agreement) to shift to NASC the obligation of paying MetCap's fee and expenses. Accordingly, Section 5.10 of the Merger Agreement provided as follows:

> "No broker, finder, financial advisor, investment banker or other Person (other than Wachovia and MetCap Securities LLC, the fees and expenses of which will be paid by Parent) is entitled to any brokerage, finder's, financial advisor's or other similar fee or commission in connection with the Merger based upon arrangements made by or on behalf of Parent or Merger Sub."

Under the terms of the Merger Agreement, NASC was the "Parent", which assumed the obligation to pay MetCap.

13. MetCap was a direct intended beneficiary under the Merger Agreement with respect to Section 5.10.

14. On or about November 20, 2005, the Third Amendment to the Merger Agreement ("Third Amendment") was entered into by and between, inter alia, NASC, NASC Acquisition, PSC, PSC Sub, Geary and Beverly. Pursuant to the Third Amendment, PSC, PSC Sub and Geary agreed, among other things, to assume all of the rights and obligations of NASC under the Merger Agreement. This included the NASC obligation to pay the MetCap fee and expenses described above.

3

15. Upon information and belief, defendants defrauded MetCap, by conspiring to, and actually changing the Third Agreement after it was, in effect, executed by NASC and NASC Acquisition, and without the consent of plaintiffs, which change purports to delete the parenthetical in paragraph 5.10 of the Merger Agreement set forth above in paragraph 12. This was accomplished by inserting a new Section 3.9 in the Third Amendment, that provides as follows:

> Section 5.10 of the Merger Agreement is amended by deleting the parenthetical contained therein.

The parenthetical which was purportedly deleted is the underscored portion of Section 5.10 identified in paragraph 12 above.

16. The insertion of Section 3.9 of the Third Amendment by defendants, and the purported deletion thereby of the parenthetical in Section 5.10 of the Merger Agreement, was done without the knowledge or consent of plaintiffs and, upon information and belief, without the knowledge or consent of Wachovia. Upon information and belief, this was done for the specific purpose of depriving Metcap of its fee. Earlier drafts of the Third Amendment did not include this Section 3.9. This Section 3.9 was inserted in the Third Amendment after executed signature pages had been delivered by NASC and NASC Acquisition.

17. On March 14, 2006, Beverly completed its merger with PSC.

18. MetCap has not been paid any part of its fee.

4

### As and For a First Cause of
### Action by Metcap as Against All Defendants

19. Upon information and belief, defendants' conduct in inserting the aforesaid Section 3.9 without the knowledge or consent of plaintiffs or Wachovia, had the purpose and effect of defrauding Metcap by depriving it of the fees that it had already earned.

20. NASC and NASC Acquisition are special purpose entities formed for the purpose of acting as parties to the Merger Agreement and absent the assumption by defendants of the obligations of NASC under the Merger Agreement to pay the MetCap fees and expense, among others, there is no source of payment. In effect, absent the assumption and payment of the MetCap fees and expenses, among others, the assignment of the Merger Agreement is void or voidable as an assignment in fraud of creditors and/or for lack of consideration.

21. By reason of defendants' fraud, plaintiff Metcap has been damaged in at least the sum of $20 million plus expenses.

### As and For a Second Cause of
### Action by Metcap as Against All Defendants

22. Defendants were unjustly enriched at Metcap's expense in that MetCap acted as the business and financial advisor with respect to, and was the procuring cause of the merger with Beverly and the transactions related thereto under the Merger Agreement.

23. Equity and good conscience militate against permitting defendants to retain the value of what plaintiff is seeking to recover.

24. By reason of the foregoing, plaintiff Metcap has been damaged in at least the sum of $20 million plus expenses.

### As and For a Third Cause of Action
### by all Plaintiffs as Against all Defendants

25. Without limiting the foregoing, by reason of defendants' conduct as set forth in paragraphs 1 through 20 above, plaintiffs are entitled to reformation of the Third Amendment by deleting Section 3.9 thereof, and MetCap is entitled to enforce the provisions of Section 5.10 of the Merger Agreement without reference to the purported changes set forth in Section 3.9 of the Third Amendment. Alternatively, plaintiffs are entitled to reformation on the grounds of mutual mistake

26. Plaintiffs have no adequate remedy at law.

WHEREFORE, plaintiffs demand judgment as follows:

(a) With respect to the first cause of action, damages in the sum of at least $20 million.

(b) With respect to the second cause of action, damages in the sum of at least $20 million.

(c)   With respect to the third cause of action, reformation of the Third Amendment, so as to delete Section 3.9 thereof and damages in the sum of at least $20 million, together with the costs and disbursements of this action, including reasonable attorneys' fees.

Dated: New York, New York
       March 20, 2006

>Respectfully submitted,
>
>HELLER, HOROWITZ & FEIT, P.C.
>
>By:_____
>   Martin Stein (MS9372)
>   292 Madison Avenue
>   New York, New York 10017
>   212-685-7600
>   Attorneys for Plaintiffs

7