UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- X

LEONARD GRUNSTEIN, JACK DWYER,　　　:
and CAPITAL FUNDING GROUP, INC.,　　　:
　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　Plaintiffs,　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　:
　　-against-　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　:
RONALD E. SILVA; PEARL SENIOR CARE,　:
LLC; PSC SUB, LLC; GEARY PROPERTY　　:　　　　　　07 Civ. 3712 (RMB) (RLE)
HOLDINGS, LLC; FILLMORE CAPITAL　　　:
PARTNERS, LLC; FILLMORE STRATEGIC　　:
INVESTORS, LLC; DRUMM INVESTORS,　　 :
LLC; and FILLMORE STRATEGIC　　　　　 :
MANAGEMENT, LLC,　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　Defendants.　　　　　　　:
------------------------------------- X

## DEFENDANTS' MEMORANDUM OF LAW
## IN SUPPORT OF MOTION TO DISMISS

DECHERT LLP
30 Rockefeller Plaza
New York, New York 10112
Tel: (212) 698-3500
Fax: (212) 698-3599

*Attorneys for Defendants
Ronald E. Silva; Pearl Senior Care, LLC;
PSC SUB, LLC; Geary Property Holdings,
LLC; Fillmore Capital Partners, LLC;
Fillmore Strategic Investors, LLC; Drumm
Investors, LLC; and Fillmore Strategic
Management, LLC.*

TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................. i

PRELIMINARY STATEMENT ......................................................................................... 1

BACKGROUND ............................................................................................................... 2

      A.   The Merger Agreement And The Third Amendment. ............................................. 2

      B.   The *MetCap* Case. ................................................................................................ 3

      C.   Allegations Of The Amended Complaint. ............................................................... 7

ARGUMENT .................................................................................................................... 10

I.      THE FORUM SELECTION CLAUSE REQUIRES FILING IN DELAWARE
       STATE COURT. ................................................................................................... 10

II.     THERE IS NOT COMPLETE DIVERSITY BETWEEN THE PARTIES. ................... 13

III.    THERE ARE INSUFFICIENT CONTACTS BETWEEN ANY OF
       DEFENDANTS AND NEW YORK TO SUPPORT PERSONAL
       JURISDICTION. .................................................................................................. 14

IV.    PLAINTIFFS HAVE FAILED TO STATE ANY CLAIM FOR RELIEF
       ARISING FROM THE ALLEGED PARTNERSHIP AGREEMENT. .......................... 16

      A.   Plaintiffs Have Alleged An Unenforceable Agreement To Agree. ......................... 16

VI.    PLAINTIFFS' CLAIM FOR BREACH OF CONTRACT AND BREACH OF
       FIDUCIARY DUTY ARE INCONSISTENT WITH THE EXISTENCE OF A
       PARTNERSHIP. ................................................................................................... 20

VII.   SPECIFIC PERFORMANCE IS UNAVAILABLE BECAUSE THE BEVERLY
       TRANSACTION WAS ACCOMPLISHED WITH DIFFERENT PARTIES AND
       INVESTORS. ........................................................................................................ 21

VIII.  PLAINTIFFS' CLAIM FOR CONSTRUCTIVE TRUST FAILS BECAUSE
       PLAINTIFFS HAVE NOT ALLEGED ANY TRANSFER. ........................................ 23

IX.    PLAINTIFFS HAVE FAILED TO STATE ANY CLAIM AGAINST THE
       DEFENDANT ENTITIES THAT ARE NOT ALLEGED TO BE PLAINTIFFS'
       PARTNERS. .......................................................................................................... 24

CONCLUSION................................................................................................................... 25

## TABLE OF AUTHORITIES

### CASES

Adjustrite Systems Inc. v. GAB Business Services, Inc.,
    145 F.3d 543 (2d Cir. 1998)...............................................................................................18

Bankers Sec. Life Ins. Soc'y v. Shakerdge,
    49 N.Y.2d 939, 428 N.Y.S.2d 623 (N.Y. 1980) .................................................................24

Barrett v. Tema Dev.,
    463 F. Supp. 2d 423 (S.D.N.Y. 2006).................................................................................14

Barrett v. Toroyan,
    28 A.D.3d 331, 813 N.Y.S.2d 415 (2006) ..........................................................................20

Bassett v. American Meter Co.,
    20 A.D.2d 956, 249 N.Y.S.2d 815 (1964) ..........................................................................20

Bensusan Rest. Corp. v. King,
    126 F.3d 25 (2d Cir. 1997)..................................................................................................16

Bogdan & Faist, P.C. v. CAI Wireless Systems, Inc.,
    295 A.D.2d 849, 745 N.Y.S.2d 92 (2002) ..........................................................................23

Compudyne Corp. v. Shane,
    453 F. Supp. 2d 807 (S.D.N.Y. 2006)...................................................................................2

Consub Delaware LLC v. Schahin Engenharia Limitada,
    476 F. Supp. 2d 305 (S.D.N.Y. 2007).................................................................................12

Cortec Indus. v. Sum Holding L.P.,
    949 F.2d 42 (2d Cir. 1991)....................................................................................................2

Dayhoff, Inc. v. H.J. Heinze Co.,
    86 F.3d 1287 (3d Cir. 1996)................................................................................................11

Debary v. Harrah's Operating Co.,
    465 F. Supp. 2d 250 (S.D.N.Y. 2006).................................................................................13

First Allied Conn. Corp. v. Leonard S. Leeds and Parkview Convalescent Ctr, Inc.,
    520 A.2d 1044 (Del. 1987) .................................................................................................23

Goodwin v. MAC Res. Inc.,
    149 A.D.2d 666, 540 N.Y.S.2d 477 (1989) ........................................................................21

In re Grossman,
    163 B.R. 320 (Bankr. N.D. Ill. 1994) ...............................................................20

Handelsman v. Bedford Village Assoc. Ltd. P'ship,
    213 F.3d 48 (2d Cir. 2000)...............................................................................13

Joseph Martin, Jr., Delicatessen, Inc. v. Schumacher,
    52 N.Y.2d 105, 436 N.Y.S.2d 247 (1981) ........................................................18

Kilkenny v. Greenberg Traurig, LLP,
    No. 05 Civ. 6578, 2006 U.S. Dist. LEXIS 23399 (S.D.N.Y. Apr. 21, 2006) ....................25

Kosower v. Gutowitz,
    No. 00 Civ. 9011, 2001 WL 1488440 (S.D.N.Y. Nov. 21, 2001) ................................18, 19

Kramer v. Time Warner, Inc.,
    937 F.2d 767 (2d Cir. 1991)...............................................................................2

Lipcon v. Underwriters at Lloyd's,
    148 F.3d 1285 (11th Cir. 1998) ......................................................................11, 13

Longines-Wittnauer Watch Co. v. Barnes & Reinecke, Inc.,
    15 N.Y.2d 443, 261 N.Y.S.2d 8 (1965) ...........................................................16

Mack v. White,
    35 Del. 289 (Del. Super. Ct. 1993) ...................................................................20

Manetti-Farrow, Inc. v. Gucci Am., Inc.,
    858 F.2d 509 (9th Cir. 1988) ...........................................................................10

Maranga v. Vira,
    386 F. Supp. 2d 299 (S.D.N.Y. 1993)..............................................................14

MetCap Securities LLC v. Pearl Senior Care, Inc.,
    No. 2129, 2007 Del. Ch. LEXIS 65 (Del. Ch. May 16, 2007) ...........................1, 3, 4, 6, 7

MetCap v. Pearl Senior Care, Inc.,
    No. 2129, 2007 Del. Ch. LEXIS 92 (Del. Ch. June 29, 2007) ........................7, 22

Munno v. Town of Orangetown,
    391 F. Supp. 2d 263 (S.D.N.Y. 2005)...............................................................2

Nanopierce Techs., Inc. v. Southridge Capital Mgmt. LLC,
    No. 02 CIV. 0767, 2003 WL 22882137 (S.D.N.Y. Dec. 4, 2003)..............................11, 12

Nasso v. Seagal,
 263 F. Supp. 2d 596 (E.D.N.Y. 2003) ................................................................................22

New Moon Shipping Co. v. MAN B and W Diesel AG,
 121 F.3d 24 (2d Cir. 1997)....................................................................................................10

Munno v. Town of Orangetown,
 391 F. Supp. 2d 263 (S.D.N.Y. 2005)...................................................................................2

Peters Griffin Woodward, Inc. v. WCSC, Inc.,
 88 A.D.2d 883, 452 N.Y.S.2d 599 (1982) ..........................................................................19

Pirolo Brothers, Inc. v. Maffei,
 No. 87 Civ. 7561, 1988 U.S. Dist. LEXIS 11120 (S.D.N.Y. Oct. 4, 1988) ......................12

Ramone v. Lang,
 No. 1592, 2006 Del. Ch. LEXIS 71 (Del. Ch. Apr. 3, 2006).............................................17

Royal Bank & Trust Co. v. Weintraub, Gold & Alper,
 68 N.Y.2d 124, 506 N.Y.S.2d 151 (1986) ............................................................................8

Rivkin v. Coleman,
 978 F. Supp. 539 (S.D.N.Y. 1997) .......................................................................................19

Schwab v. Denton,
 141 A.D.2d 714, 529 N.Y.S.2d 825 (1988) ........................................................................19

Silverman v. Worsham Brothers Co.,
 625 F. Supp. 820 (S.D.N.Y. 1986) .......................................................................................18

Sohon v. Rubin,
 282 A.D. 691, 122 N.Y.S.2d 439 (1953) .............................................................................20

Stephen v. Phillips,
 689 P.2d 939 (N.M. Ct. App. 1984) .....................................................................................20

Stoianoff v. Gahona,
 248 A.D.2d 525, 670 N.Y.S.2d 204 (N.Y. App. Div. 1998) ..............................................25

The Bremen v. Zapata Off-Shore Co.,
 407 U.S. 1 (1972)..................................................................................................................10

Teachers' Ret. Sys. v. Aidinoff,
 900 A.2d 654 (Del. Ch. 2006)...............................................................................................23

Trump v. Cheng,
       No. 602877/05, 2006 N.Y. Misc. LEXIS 2465 (N.Y. Misc. July 24, 2006) ......................16

Weiner v. Hoffinger Friedland Dobrish & Stern, P.C.,
       298 A.D.2d 453, 749 N.Y.S.2d 255 (2002) ..........................................................................22

Wichita Fed. Sav. & Loan Assoc. v. Comark,
       586 F. Supp. 940 (S.D.N.Y. 1984) .......................................................................................15

Wynne v. Gruber,
       237 A.D.2d 284, 654 N.Y.S.2d 788 (1997) ........................................................................21

## STATUTES

28 U.S.C. § 1332(c)(1) (West 2007).................................................................................................13

N.Y. Gen. Bus. Law § 130(1) ..........................................................................................................15

22 N.Y.C.C.R. §1200.23(a)(3) (West 2007)......................................................................................8

12-64 Corbin on Contracts § 1170 (2006) .....................................................................................23

N.Y. Jur.2d Bus. Relationships §1386 (West 2007) ......................................................................22

N.Y. C.P.L.R. 302 (a)(1) (McKinney 2007).....................................................................................14

12910580.1

**Preliminary Statement**

The gravaman of plaintiffs' complaint is a comically casual "let's split the two billion dollar merger three ways" oral agreement to acquire Beverly Enterprises, Inc. ("Beverly"). The alleged oral partnership is not supported by a single document in the complaint, is not described in any reasonable detail, and the purported existence of the partnership is contradicted by sworn submissions in another pending lawsuit (the "*MetCap* case") regarding the Beverly merger by both plaintiffs Leonard Grunstein and Jack Dwyer.

As an initial matter, the complaint should be dismissed because a forum selection clause in the Beverly merger agreement provides that the Delaware Court of Chancery is the proper forum. The *MetCap* case, which was originally assigned to late Judge Richard Casey of this Court, involved this same forum selection clause. After denial of an attachment writ by Judge Casey, plaintiffs in *MetCap* dismissed that action and refiled in Delaware Chancery Court, where the Court entered a lengthy opinion dismissing all but two of plaintiffs' claims. *See MetCap Securities LLC v. Pearl Senior Care, Inc.*, No. 2129, 2007 Del. Ch. LEXIS 65 (Del. Ch. May 16, 2007), attached as Exhibit A to the accompanying Declaration of Eric C. Kirsch (hereinafter "EK Ex. ___"). In addition, this Court does not have subject matter jurisdiction because of the lack of complete diversity, as plaintiff Jack Dwyer and defendant Geary Property Holdings, LLC are both citizens of Maryland. A separate, independent procedural ground for dismissal is that this Court lacks personal jurisdiction over any of the defendants.

The complaint also fails as a matter of substantive law for multiple reasons. First, plaintiffs' oral partnership agreement is both inconsistent with prior sworn

statements of plaintiffs and is at most only an unenforceable agreement to agree. Second, partners may not sue each other based on a theory of conversion. Similarly, plaintiffs may not sue their supposed partners at law before there has been an accounting.

## Background

Many of the allegations of the complaint are contradicted by averments in the *MetCap* case, or the wording of contracts referenced in the complaint, or declarations that the plaintiffs filed in the *MetCap* case in this Court over a year ago. This Court can properly take judicial notice of the plaintiffs' previous allegations and declarations for the purposes of deciding this motion to dismiss.[1] In addition, the Court may also take judicial notice of the various contracts referenced by, but not attached to, plaintiffs' complaint.[2]

### A.    The Merger Agreement And The Third Amendment.

In August 2005, North American Senior Care ("North American"), NASC Acquisition Corp. ("NASC"), and SBEV Property Holdings LLC ("SBEV") (collectively the "Original Acquirers") entered into a complex written agreement with Beverly to purchase Beverly's stock (the "Merger Agreement"). EK Ex. B (Merger Agreement). The Original Acquirers were affiliated with one or more plaintiffs in this action.

---

[1] This Court may consider matters of which judicial notice may be taken, even if the corresponding documents are not attached to or incorporated by reference in the complaint. *Munno v. Town of Orangetown*, 391 F. Supp. 2d 263, 268 (S.D.N.Y. 2005). "In particular, the court may take judicial notice of public records and of 'admissions in pleadings and other documents in the public record filed by a party in other judicial proceedings that contradict the party's factual assertions in a subsequent action.'" *Id.* (*citing Harris v. N. Y. State Dep't of Health*, 202 F. Supp. 2d 143, 173 (S.D.N.Y. 2002)); *see also Kramer v. Time Warner, Inc.*, 937 F.2d 767, 774 (2d Cir. 1991).

[2] The Court may take judicial notice of documents specifically referred to in the complaint. *See, e.g., Cortec Indus. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991); *Compudyne Corp. v. Shane*, 453 F. Supp. 2d 807, 820 (S.D.N.Y. 2006).

Specifically, the Merger Agreement was signed by Mark Goldsmith, a law partner with

plaintiff Leonard Grunstein at the law firm of Troutman Sanders (*MetCap*, 2007 Del. Ch.

LEXIS 65 at *7), on behalf of North American and NASC. Leonard Grunstein signed the

Merger Agreement on behalf of SBEV. EK Ex. B (Merger Agreement). The Merger

Agreement contains a provision dictating that any disputes be venued in Delaware

Chancery and governed by Delaware law. *Id.*

     In November 2005, the rights and obligations of the Original Acquirers were

assigned to defendants Pearl Senior Care, LLC ("Pearl Senior"), PSC Sub, LLC ("PSC

Sub") and Geary Property Holdings LLC ("Geary") through the Third Amendment.

Comp. ¶28; EK Ex. C. The Third Amendment was signed by Mark Goldsmith on behalf

of North American and NASC, and by his law partner at Troutman Sanders, Leonard

Grunstein, on behalf of SBEV.

**B.    The *MetCap* Case.**

     North American, NASC, and MetCap Securities LLC ("MetCap") filed a

complaint in the Supreme Court of New York on March 21, 2006. EK Ex. D (*MetCap*

complaint). Leonard Grunstein is also a principal of a holding company of MetCap. EK

Ex. E (Dwyer Declaration) ¶3. MetCap alleged that North American agreed to pay

MetCap an investment advisor fee of $20 million upon closing of the Beverly transaction.

EK Ex. D. This alleged fee obligation was applied between two entities affiliated with

plaintiffs, and initially had no bearing upon defendants. However, MetCap also alleged

that in November 2005, when the Merger Agreement was being assigned to defendants,

defendants[3] fraudulently caused a provision of the Merger Agreement that referenced

---

[3] Plaintiffs in the MetCap case named Pearl Senior, PSC Sub, Geary, and Beverly as defendants.

MetCap to be deleted from the contract through a provision of the Third Amendment. MetCap claimed defendants were liable for the $20 million advisor fee to MetCap based upon theories of fraud, reformation, third-party beneficiary, and unjust enrichment. *Id.*

MetCap has admitted that the deletion of the reference to MetCap in the Third Amendment was made by Brink Dickerson, another law partner of plaintiff Leonard Grunstein at Troutman Sanders. *MetCap*, 2007 Del. Ch. LEXIS 65 at *9. During the negotiations of the Merger Agreement and Third Amendment, Troutman Sanders represented the Original Acquirers. Nevertheless, plaintiffs in *MetCap* contended that Troutman Sanders and Brink Dickerson were "deal counsel," represented all parties to the transaction, and had no authority to bind the Original Acquirers who were controlled by Goldsmith and Grunstein. EK Ex. F (hearing transcript) at 10-11. In other words, one partner at Troutman Sanders who was working on the deal was seeking to disavow a modification made by another partner at Troutman Sanders working on the deal.

After filing the complaint, MetCap immediately moved *ex parte* to obtain attachment of an account holding funds for the benefit of former Beverly shareholders. After defendants removed the action to this Court, they again sought attachment of the account. In support of their motion for attachment, Grunstein and Dwyer submitted declarations stating that Grunstein and Silva agreed that upon the closing of the Beverly Merger, Grunstein would receive an investment banking fee through plaintiff MetCap, *or* would receive "a 50% partnership interest." EK Exs. E ¶3 & G ¶26. Notably, Plaintiffs did not contend that a partnership actually had been formed, or that Dwyer was to have any interest in the partnership.

Defendants opposed the attachment on the grounds that plaintiffs were unlikely to

succeed on the merits of their claims because, *inter alia*, of the forum selection clause

contained in the Merger Agreement.  Defendants also contended that they could not be

held liable for a negotiated concession that was approved by the plaintiffs' own attorney

at Troutman Sanders.  EK Ex. F at 15-24.  At the hearing, plaintiffs again argued that

Troutman Sanders represented all parties to the transaction as "deal counsel."[4]  The late

Judge Richard C. Casey denied the motion for attachment, finding that there was not a

likelihood of success on the merits.  *See* EK Ex. F at 31.

Plaintiffs dismissed their action in the Southern District of New York and then

refiled in Delaware Chancery Court.  After defendants moved to dismiss, plaintiffs filed

an amended complaint.  Neither of the complaints filed in Delaware alleged the existence

of a partnership agreement.  In addition, plaintiffs in Delaware contended that MetCap,

not the partnership alleged in this case, was the "procuring cause" of Beverly acquisition.

EK Ex. H (Delaware FAC). [5]  In contrast to the partnership agreement alleged here,

plaintiffs contended that defendants were liable to pay MetCap's investment banking fee

---

[4] THE COURT: You're going to tell me who Mr. Dickerson is?

MR. STEIN: Mr. Dickerson is an attorney at Troutman Sanders.  Mr. Dickerson –

THE COURT: Who does that firm represent in this merger?

MR. STEIN: Your Honor, that firm – it's our position that the firm in connection with the events, once the defendants got involved, were –

THE COURT: Sir, I asked a simple question.  I gave you an admonition ten minutes ago.  Just answer my question.

MR. STEIN: Your Honor –

THE COURT: Who did they represent?

MR. STEIN: Your Honor, they represented the parties to the deal.  It's our position that Troutman Sanders represented all the parties to the deal as deal counsel, and it's our position that the Dechert firm also represented all the parties to the deal once these other defendants came into the picture.  That's our position.

EK Ex. F at 10-11.

[5] Grunstein declared that "MetCap brought about this transaction, negotiated and obtained the Merger Agreement, financing commitments and other essential elements, so as to consummate the transaction . . . ."  EK Ex. G ¶11.