(177767)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
LEONARD GRUNSTEIN, JACK DWYER,
and CAPITAL FUNDING GROUP, INC.,

                            Plaintiffs,

          – against –

RONALD E. SILVA; PEARL SENIOR CARE,
LLC; PSC SUB, LLC; INC.; GEARY
PROPERTY HOLDINGS, LLC,
FILLMORE CAPITAL PARTNERS, LLC;
FILLMORE STRATEGIC INVESTORS, LLC;
DRUMM INVESTORS, LLC; and FILLMORE
STRATEGIC MANAGEMENT, LLC,

                          Defendants.
----------------------------------------------------------X

07 Civ. 3712
(Berman, J.)

DECLARATION OF
MARTIN STEIN

Martin Stein, declares under penalty of perjury:

1.      I am counsel to the firm of Heller, Horowitz & Feit, P.C., attorneys for plaintiffs. I submit this declaration in opposition to defendants' motion to dismiss. I have personal knowledge of the facts set forth herein.

2.      Annexed hereto as exhibits 1 through 5 are true and correct copies of the following documents.

Exhibit 1 – Email dated December 29, 2005 from Brink Dickerson to Robert Webb, Jr.

Exhibit 2 – Notice of Removal filed by defendants in action entitled Metcap Securities LLC, et. Al v. Pearl Senior Care Inc., et al. (06 Civ.2336) on about March 24, 2006 in this Court.

Exhibit 3 – Cover page and signature pages of Second Amended and

177767

Restated Limited Liability Company Agreement of Geary Property Holdings LLC, dated March 14, 2006.

Exhibit 4 – Maryland Department of Assessments and Taxation web page for Beverly Enterprises – Maryland, Inc.

Exhibit 5 – California Secretary of State, web page for Beverly Enterprises – Maryland, Inc.

Executed under penalty
of perjury, this 6th day
of September, 2007

Martin Stein

EXHIBIT 1

-----Original Message-----
**From:** Dickerson, Brink
**Sent:** Thursday, December 29, 2005 9:18 AM
**To:** Webb, Jr., Robert W.
**Cc:** Cassirer, Aurora; Grunstein, Leonard; Goldsmith, Mark A.; Levinson, Lawrence M.; Starr, Marlon F.; Ramsey, William R.; Williams, Lee T.; Twyford, Jane W.; Stowe, John C.
**Subject:** Pearl
**Importance:** High

As noted at the bottom of this e-mail, please let me know how you want me to proceed.

I had an extensive conversation yesterday with Ron Silva, the President and owner of Fillmore Capital, effectively the client in the Beverly transaction, regarding our bill for the time through November 21, 2005. (November 21, 2005 is an important date because that is when Fillmore stepped into the shoes of the shell company that initially had been formed to facilitate the acquisition.)

The bill was for $5.6 million, less the $1.5 million that we received last week, or $4.1 million net. It does not include Pete's lobbying time, the post-November 21 time of $255,000 or any December time.

We also discussed the engagement letter, which previously had been one of the gating issue to getting paid. We had proffered a relatively robust engagement letter that included language regarding payment of the pre-November 21 time, and it was not well-received. I had sent to him on Tuesday a revised letter, and we agreed in our call that it was sufficiently improved from his perspective that the two issues could be disconnected and that the engagement letter could wait to be finalized until next week when his primary outside counsel at Dechert returns from vacation.

Ron's primary problem with the bill is Len's, Larry's and Mark's economic interest in the deal and the inclusion of Len's, Larry's and Mark's time, which were $445,316, $334,707, and $141,210, respectively, or $921,233 in aggregate. Through an entity that they own, the three of them have a 50% interest in the "carried interest" in the transaction. Although I do not know the terms of this specific carried interest, typically a carried interest in a deal of this nature would be 20% of the profits from the

9/10/2007

deal in excess of a threshold rate, say 10% or 12% per annum. For instance, and using round numbers, were the ultimate equity investment in the transaction to be, say, $400 million, and were the equity interest sold in two years for $880 million, the profit after a 10% threshold (simple interest for simplicity) would be $400 million and the carried interest would be 20% of that or $80 million, and Len, Larry and Mark would receive one-half of that amount. I believe that the actual expectation is that the carried interest ultimately will be more than that if things work out as hoped for.

Ron's arrangement with his investors is that he pays all of his own expenses. Hence, he does not get reimbursed for his own time or the cost of his staff or their expenses. As he describes it, that is what he invests that justifies his carried interest. To him, Len's, Larry's and Mark's time is comparable to that. Hence, for the ultimate investor to pay for that time (they do pay deal expenses such as our legal fees) is to, to use his words, "double dip." He describes what he calls the "fiduciary world" that he operates in as requiring a higher standard of arms' length relations and thereby prohibiting this so-called double dipping.

I told Ron that I thought that his view was an over-simplification, particularly where we were providing services. I told him that while some of Len's time might fairly be described as "business" time, most of it was "legal" time comparable to the time that a senior lawyer might typically put into a deal. I told him that Larry's time was all or almost all "legal" time, and that Mark's was only slightly less so. He had a couple of particular examples from the time sheets that he thought made his point, but they dealt with Len's time only.

Ron offered the $3 million amount that I mentioned last night as an "on account" payment with this issue deferred to a later date. We cannot defer it entirely, however, as the work is ongoing, and we certainly do not want to dig the hole any deeper.

Ron also offered an alternative. He suggested that we propose a flat fee for our work. In that case, he does not care what it consists of, but the over and under would be at our risk. I did not rule this out, but I told Ron that a flat fee would be challenging, as it is not at all clear what our role will be, and it seems to be changing daily. Initially we were going to do almost all of the work. More recently, we have been told that we are going to do the mortgage financings – which are the largest single chunk of the work by far – but not the revolving credit financing, which is going to be done by Moore and Van Allen out of Charlotte. Also, the health care filing work seems to have migrated to Dechert, as has some of the corporate and most of the benefits work. Still, however, we should be able to craft a good estimate for the mortgage work should we want to take that approach.

There also is the possibility that when we get to closing we could right up everyone else's time to reflect, say, a 20% premium, and then not charge for the time he questions, which would in our accounting system be a wash. Whether we actually can do this is speculative.

My inclination is to ask Ron for $3.4 million now, arguing that it is not fair to count Larry's and Mark's time against us, but that in an effort to close out the issue for now we would compromise on those two. We then would need to settle up on Len's time and the remainder of their time later. I am not sure that I can achieve that, but do not believe that asking would put his $3 million offer at serious risk. But, I do not want you to think that asking for more is risk free.

Please let me know how you would like me to proceed. I need to get back to Ron very early this afternoon.

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice that may be contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding any penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction(s) or tax-related matter(s) that may be addressed herein.

This e-mail communication (including any attachments) may contain legally privileged and confidential information intended solely for the use of the intended recipient. If you are not the intended recipient, you should immediately stop reading this message and delete it from your system. Any unauthorized reading, distribution, copying or other use of this communication (or its attachments) is strictly prohibited.

EXHIBIT 2

Robert A. Cohen (RAC 7712)
Joseph F. Donley (JFD 9785)
DECHERT LLP
30 Rockefeller Plaza
New York, NY 10112-2200
212-698-3500

*Attorneys for Defendants*
*Pearl Senior Care, Inc., PSC Sub Inc., Geary*
*Property Holdings, LLC, and Beverly Enterprises,*
*Inc.*

RECEIVED
MAR 2 4 2006
U.S.D.C. S.D. N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------x

JUDGE ~~~~~

06 CV 2336

METCAP SECURITIES LLC, NORTH
AMERICAN SENIOR CARE INC., and
NASC ACQUISITION CORP.,

Case No.

               Plaintiffs,

**NOTICE OF REMOVAL OF ACTION**
**AND DEMAND FOR JURY TRIAL**

         - against -

PEARL SENIOR CARE, INC., PSC SUB
INC., GEARY PROPERTY HOLDINGS,
LLC, and BEVERLY ENTERPRISES, INC.,

             Defendants.
-----------------------------------------------------x

      PLEASE TAKE NOTICE that Defendants Pearl Senior Care, LLC (incorrectly

named in the complaint in state court as "Pearl Senior Care, Inc."), PSC Sub Inc., Geary Property

Holdings, LLC and Beverly Enterprises, Inc. ("Defendants"), hereby remove this case from the

Supreme Court of the State of New York, County of New York, to this Court.[1] This removal is

based on the following grounds:

      1.     This action is a civil case over which this Court has original jurisdiction

under 28 U.S.C. Section 1332 based upon diversity of citizenship among the proper parties to the

action and because the matter in controversy exceeds the sum of $75,000, exclusive of interest

---

[1]    The filing of this Notice of Removal, and the filing of other documents in connection therewith, is subject to, and
without waiver of, any defenses and objections, including objections to venue, service or personal jurisdiction, all of
which Defendants reserve.

and costs. Removal is proper and timely under 28 U.S.C. Sections 1441 and 1446(b) because this Notice of Removal is filed within thirty (30) days of Defendants' receipt of "a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based" and is within thirty (30) days "after the service of summons upon" the Defendants. 28 U.S.C. §1446(b). Specifically, on or about March 23, 2006, Defendants first received a summons and complaint. The complaint, a copy of which is attached as Exhibit 1, demonstrates that two of the three named plaintiffs, North American Senior Care Inc. and NASC Acquisition Corp. ("Non-Diverse Plaintiffs") cannot maintain any cause of action against any Defendant. The Non-Diverse Plaintiffs are therefore "fraudulently joined" and must be disregarded for purposes of diversity jurisdiction. There is complete diversity of citizenship between plaintiff MetCap Securities LLC ("MetCap") and all the Defendants. The facts supporting this Notice of Removal are set forth more particularly below.

2.    On or about March 20, 2006, plaintiffs commenced this action by filing a complaint in the Supreme Court of the State of New York for the County of New York entitled *MetCap Securities LLC et al. v. Pearl Senior Care, Inc., et al.,* No. 06-600964 ("Complaint").

3.    On or about March 20, 2006, MetCap made an application for an order of attachment. The Supreme Court for the State of New York, County of New York, ordered a hearing on the attachment scheduled for March 27, 2006. A true and correct copy of this order is attached as Exhibit 2.

4.    The matter in controversy exceeds the sum of $75,000, exclusive of interest and costs. Plaintiffs' prayer for relief requests damages "in the sum of at least $20 million." (Ex. 1, Complaint ¶26).

5.    Defendant Pearl Senior Care, LLC is a Delaware limited liability company, and all of its members are citizens of California.

6.    Purported Defendant PSC Sub Inc. no longer exists. It merged into defendant Beverly Enterprises, Inc. on or about March 14, 2006. Before that merger, PSC Sub Inc. was a Delaware corporation with its principal place of business in California. (Ex. 1, Complaint ¶5).

2

7.    Defendant Geary Property Holdings, LLC is a Delaware limited liability company and all of its members are citizens of Delaware or California.

8.    Defendant Beverly Enterprises, Inc. is a Delaware corporation with its principal place of business in Arkansas. (Ex. 1, Complaint ¶7).

9.    Plaintiff MetCap is a New York limited liability company. Its managing member, Murray Forman, is believed to be a citizen of New York. After diligent inquiry, defendants could not ascertain whether there are any other members of MetCap. Defendants therefore allege, on information and belief, that MetCap has no members who are citizens of Arkansas, California and Delaware. (Ex. 1, Complaint ¶1).

10.    Each of the Non-Diverse Plaintiffs is alleged to be a Delaware corporation whose principal place of business is located in New York. (Ex. 1, Complaint ¶¶2-3).

11.    Plaintiffs allege three causes of action in the Complaint, namely fraud, unjust enrichment, and reformation of contract. The Non-Diverse Plaintiffs only join the third cause of action.

12.    The Non-Diverse Plaintiffs have been fraudulently joined in the Complaint and the facts as alleged in the Complaint fail to state any claim by them against any of the Defendants. The Complaint alleges that Beverly Enterprises, Inc. entered into an agreement with the Non-Diverse Plaintiffs that provided for fees and expenses to be paid to MetCap. (Ex. 1, Complaint ¶¶10-12). The Complaint alleges that Defendants damaged MetCap by changing portions of the alleged agreement in order to deny MetCap its fees and expenses. (Ex. 1, Complaint ¶¶15-16). However, the Complaint fails to allege how the Non-Diverse Plaintiffs suffered any damages by these alleged acts or how reformation of the agreement to restore the provision entitling MetCap to its fee (or, alternatively, mutual mistake of fact) would provide any remedy to the Non-Diverse Plaintiffs. Therefore, the only real party in interest to any claims arising out of the facts alleged in the Complaint is MetCap, confirmed by the fact that MetCap is the only party which sought attachment.

13.    The Non-Diverse Plaintiffs are therefore fraudulently joined because the Non-Diverse Plaintiffs fail to allege any valid claim against any of the Defendants. For purposes

3

of determining diversity of citizenship under 28 U.S.C. Section 1332, the Non-Diverse Plaintiffs must be disregarded, whereupon complete diversity is present and this Court's jurisdiction is established.

      14.    Defendants reserve the right to supplement or amend this Notice of Removal.

      15.    Pursuant to 28 U.S.C. Section 1446(d), Defendants are providing written notice to plaintiffs.

      16.    Pursuant to 28 U.S.C. Section 1446(d), a copy of this Notice of Removal is being filed with the clerk of the Supreme Court of New York, County of New York.

      17.    True and correct copies of all of the papers believed to have been filed in the Supreme Court of New York by plaintiffs in this action (in addition to the Summons and Complaint) are attached hereto as follows: the Affirmation of Martin Stein is Exhibit 3; the Affidavit of Leonard Grunstein is Exhibit 4; and the Affidavit of Murray Forman (with exhibits) is Exhibit 5.

      18.    Defendants request a trial by jury of all issues.

    WHEREFORE, Defendants hereby remove this action now pending against them in the Supreme Court of New York, County of New York, to this honorable Court.

Dated: March 24, 2006             DECHERT LLP

                       By: _____
                          Robert A. Cohen (RAC 7712)
                          Joseph F. Donley (JFD 9785)

                       DECHERT LLP
                       30 Rockefeller Plaza
                       New York, New York 10112
                       212-698-3500

                       *Attorneys for Defendants*
                       *Pearl Senior Care, Inc., PSC Sub Inc.,*
                       *Geary Property Holdings, LLC, and*
                       *Beverly Enterprises, Inc.*

12312585.2

4

EXHIBIT 3

**SECOND AMENDED AND RESTATED**
**LIMITED LIABILITY COMPANY AGREEMENT**
**OF**
**GEARY PROPERTY HOLDINGS LLC**
**(a Delaware Limited Liability Company)**

THIS SECOND AMENDED AND RESTATED LIMITED LIABILITY COMPANY AGREEMENT, dated as of March 14, 2006, is made and entered into by and among GEARY PROPERTY HOLDINGS LLC, a Delaware limited liability company (the **"Company"**), and each of the Existing Beverly Owners (as defined below) executing a signature page hereto (individually, an EBO and collectively, the **"EBOs"**), as the sole members of the Company upon the effectiveness of this Agreement, and is joined in by Milton B. Patipa, as the sole member of the Company prior to such effectiveness (the **"Prior Member"**).

**ARTICLE 1**
**DEFINED TERMS; RULES OF CONSTRUCTION**

Unless otherwise indicated, capitalized words and phrases in this Agreement shall have the meanings set forth in the Glossary of Terms annexed hereto as **Exhibit A**. Unless the context of this Agreement requires otherwise, the plural includes the singular, the singular includes the plural, the part includes the whole and "including" has the inclusive meaning of "including without limitation." The words "hereof," "herein," "hereby," "thereunder," and other similar terms in this Agreement refer to this Agreement as a whole and not exclusively to any particular provision of this Agreement. All pronouns and any variations thereof shall be deemed to refer to masculine, feminine, or neuter, singular or plural, as the identity of the Person or Persons may require.

**ARTICLE 2**
**ORGANIZATIONAL MATTERS**

2.1 **Formation; Name; Purposes and Powers**.

(a) Formation. The Company was formed as a Delaware Limited Liability Company pursuant to the Delaware Limited Liability Company Act (the **"Act"**), upon the filing of the Certificate of Formation with the Secretary of State of Delaware on November 18, 2005 (as the same may be amended, supplemented, modified, amended, restated or replaced from time to time in the manner provided by the Act, the **"Certificate of Formation"**).

(b) Name. The name of the Company is GEARY PROPERTY HOLDINGS LLC, and all business of the Company shall be conducted in such name or in any subsidiary or nominee entities formed from time to time upon approval of the Manager of the Company.

(c) Purposes and Powers. The purposes of the Company, and the nature of the business and activity to be promoted and conducted by the Company and the powers of the Company in connection therewith, are as follows:

IN WITNESS WHEREOF, the parties have entered into this Agreement as of the day first above set forth.

GEARY PROPERTY HOLDINGS LLC
(the "Company")

By:

Name:  Milton Patipa
Title:   Manager

NEWYORK01 1091519v9 034794-000602 03/14/2006

**EACH OF THE MEMBERS SET FORTH BELOW:**

BEVERLY ENTERPRISES - ALABAMA, INC.

By:_____
    Name:  David Valcik
    Title:   Vice President

BEVERLY ENTERPRISES - ARKANSAS, INC.

By:_____
    Name:  David Valcik
    Title:   Vice President

BEVERLY ENTERPRISES - GEORGIA, INC.

By:_____
    Name:  David Valcik
    Title:   Vice President

BEVERLY ENTERPRISES - INDIANA, INC.

By:_____
    Name:  David Valcik
    Title:   Vice President

BEVERLY ENTERPRISES - KANSAS, LLC

By:_____
    Name:  David Valcik
    Title:   Vice President

BEVERLY ENTERPRISES - KENTUCKY, INC.

By:_____
    Name:  David Valcik
    Title:   Vice President

BEVERLY ENTERPRISES - MARYLAND, INC.

By:_____
    Name:  David Valcik
    Title:   Vice President

BEVERLY ENTERPRISES - MASSACHUSETTS, INC.

By:_____
    Name:  David Valcik
    Title:   Vice President

-24-

**BEVERLY ENTERPRISES - MINNESOTA, LLC**

By:_____
    Name:   David Valcik
    Title:    Vice President

**BEVERLY ENTERPRISES - MISSISSIPPI, INC.**

By:_____
    Name:   David Valcik
    Title:    Vice President

**BEVERLY ENTERPRISES - MISSOURI, INC.**

By:_____
    Name:   David Valcik
    Title:    Vice President

**BEVERLY ENTERPRISES - NEBRASKA, INC.**

By:_____
    Name:   David Valcik
    Title:    Vice President

**BEVERLY ENTERPRISES - NEW JERSEY, INC.**

By:_____
    Name:   David Valcik
    Title:    Vice President

**BEVERLY ENTERPRISES - NORTH CAROLINA, INC.**

By:_____
    Name:   David Valcik
    Title:    Vice President

**BEVERLY ENTERPRISES - OHIO, INC.**

By:_____
    Name:   David Valcik
    Title:    Vice President

**BEVERLY ENTERPRISES - PENNSYLVANIA, INC.**

By:_____
    Name:   David Valcik
    Title:    Vice President

-25-

**BEVERLY ENTERPRISES - TENNESSEE, INC.**

By:_____
    Name:    David Valcik
    Title:    Vice President

**BEVERLY ENTERPRISES - VIRGINIA, INC.**

By:_____
    Name:    David Valcik
    Title:    Vice President

**BEVERLY ENTERPRISES - WEST VIRGINIA, INC.**

By:_____
    Name:    David Valcik
    Title:    Vice President

**BEVERLY ENTERPRISES - WISCONSIN, INC.**

By:_____
    Name:    David Valcik
    Title:    Vice President

**BEVERLY HEALTH AND REHABILITATION SERVICES, INC.**

By:_____
    Name:    David Valcik
    Title:    Vice President

**BEVERLY HEALTHCARE - CALIFORNIA, INC.**

By:_____
    Name:    David Valcik
    Title:    Vice President

**BEVERLY HEALTHCARE, LLC**

By:_____
    Name:    David Valcik
    Title:    Vice President

**BEVERLY-BELLA VISTA HOLDING, INC.**

By:_____
    Name:    David Valcik
    Title:    Vice President

-26-

BEVERLY-MISSOURI VALLEY HOLDING, INC.

By:_____
    Name:     David Valcik
    Title:      Vice President

BEVERLY-RAPID CITY HOLDING, INC.

By:_____
    Name:     David Valcik
    Title:      Vice President

COMMERCIAL MANAGEMENT, INC.

By:_____
    Name:     David Valcik
    Title:      Vice President

LIBERTY NURSING HOMES, INC.

By:_____
    Name:     David Valcik
    Title:      Vice President

MODERNCARE OF LUMBERTON, INC.

By:_____
    Name:     David Valcik
    Title:      Vice President

NEBRASKA CITY S-C-H, INC.

By:_____
    Name:     David Valcik
    Title:      Vice President

NURSING HOME OPERATORS, INC.

By:_____
    Name:     David Valcik
    Title:      Vice President

SOUTH DAKOTA - BEVERLY ENTERPRISES, INC.

By:_____
    Name:     David Valcik
    Title:      Vice President

-27-

**VANTAGE HEALTHCARE CORPORATION**

By:_____

      Name:     David Valcik
      Title:      Vice President

-28-

ACKNOWLEDGED & AGREED:

PRIOR MEMBER:

Milton B. Patipa

-29-

EXHIBIT 4

**Maryland Department of Assessments and Taxation**

**Taxpayer Services Division**
301 West Preston Street ▉ Baltimore, MD 21201   (2007 w2.3)

Main Menu | Security Interest Filings (UCC) | **Business Entity Information
(Charter/Personal Property)** New Search | Rate Stabilization Notices | Get Forms | Certificate
of Status | SDAT Home

**Taxpayer Services Division**

**Entity Name: BEVERLY ENTERPRISES-MARYLAND, INC.
Dept ID #: F01435775**

**General Information** Amendments  Personal Property  Certificate of Status

| | |
|---|---|
| **Principal Office (Current):** | 873 SOUTH FAIR OAKS AVE. BIN 51 PASADENA, CA 91109 |
| **Resident Agent (Current):** | CSC-LAWYERS INCORPORATING SERVICE COMPA 7 ST. PAUL STREET, SUITE 1660 BALTIMORE, MD 21202 |
| **Status:** | INCORPORATED |
| **Good Standing:** | Yes |
| **Business Code:** | Ordinary Business - Stock |
| **Date of Formation or Registration:** | 08/19/1982 |
| **State of Formation:** | CA |
| **Stock/Nonstock:** | Stock |
| **Close/Not Close:** | Unknown |

**Link Definition**

| | |
|---|---|
| **General Information** | General information about this entity |
| **Amendments** | Original and subsequent documents filed |
| **Personal Property** | Personal Property Return Filing Information and Property Assessments |
| **Certificate of Status** | Get a Certificate of Good Standing for this entity |

EXHIBIT 5

California Business Search                                                                                    Page 1 of 1

# California Business Portal

**Secretary of State DEBRA BOWEN**

**DISCLAIMER:** The information displayed here is current as of JUL 27, 2007 and is updated weekly. It is not a complete or certified record of the Corporation.

| Corporation | | |
|---|---|---|
| BEVERLY ENTERPRISES - MARYLAND, INC. | | |
| **Number:** C1117904 | **Date Filed:** 7/23/1982 | **Status:** active |
| **Jurisdiction:** California | | |
| **Address** | | |
| 650 W. ALLUVIAL AVE. | | |
| FRESNO, CA 93711 | | |
| **Agent for Service of Process** | | |
| CORPORATION SERVICE COMPANY WHICH WILL DO BUSINESS IN CALIFORNIA AS CSC - LAWYERS INCORPORATING SERVICE | | |
| PO BOX 526036 | | |
| SACRAMENTO, CA 95852 | | |

Blank fields indicate the information is not contained in the computer file.

If the status of the corporation is "Surrender", the agent for service of process is automatically revoked. Please refer to California Corporations Code Section 2114 for information relating to service upon corporations that have surrendered.