UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
LEONARD GRUNSTEIN, JACK DWYER,
and CAPITAL FUNDING GROUP, INC.,

                Plaintiffs,

- against -

RONALD E. SILVA; PEARL SENIOR CARE,
LLC; PSC SUB, LLC; INC.; GEARY
PROPERTY HOLDINGS, LLC,
FILLMORE CAPITAL PARTNERS, LLC;
FILLMORE STRATEGIC INVESTORS, LLC;
DRUMM INVESTORS, LLC; and FILLMORE
STRATEGIC MANAGEMENT, LLC,

                Defendants.
------------------------------------------------------------X

07 Civ. 3712
(BERMAN, J.)

DECLARATION OF
LEONARD GRUNSTEIN

Leonard Grunstein, declares under penalty of perjury, as follows:

1.    I am a member of the firm of Troutman Sanders LLP, based in that firm's office located at 405 Lexington Avenue, in New York City. I submit this declaration in opposition to the motion by defendants to dismiss this action for lack of personal jurisdiction. Except as otherwise stated, I have personal knowledge of the facts set forth herein.

2.    Defendant Ronald Silva, acting on behalf of all of the defendants, came to New York for meetings with me on at least two occasions in connection with the business partnership alleged in the amended complaint, and in furtherance of the partnership goal of acquiring Beverly.

3.    Thus, for example, Defendant Ronald Silva attended a meeting in my offices in New York on or about June 6, 2005. At that time we discussed partnership

matters alleged in the amended complaint, as well as the acquisition of Beverly. The meeting lasted for several hours.

4. Another meeting also took place in my offices in New York, on or about August 11, 2005. This time, Mr. Silva came with others from defendant Fillmore Capital Partners and met not only wit me but with Richard Lerner, managing director of Credit Suisse (a source of financing for the Beverly acquisition) and other individuals from his firm; Stuart White, a managing director of Wachovia (a financial advisor with respect to the transaction and at the time another potential source of financing) and at least one other individual from that firm; as well as several attorneys at Troutman Sanders. The meeting lasted for about four hours, and included detailed discussions regarding the potential Beverly acquisition and potential sources of financing therefor. I am also informed that Mr. Silva came to New York on several other occasions in connection with the Beverly transaction to meet with representatives of Morgan Stanley, Merrill Lynch and Credit Suisse.

5. In additional to the meetings, Mr. Silva and his attorneys at Dechert LLP in San Francisco placed dozens of telephone calls to New York and sent hundreds of emails to New York, to me, Credit Suisse and to New York attorneys at Troutman Sanders. Mr. Silva was a principal of the entities which hired Troutman Sanders to represent them in connection with the Beverly transactions and paid that firm several million dollars in legal fees. Most of that work was done by attorneys in the New York office.

6. Finally, I personally spent more than one thousand hours from my office in New York in furtherance of the partnership goal of acquiring Beverly. This work

177779

included, *inter alia*, dealings with Silva and Dechert's San Francisco attorneys; negotiations directly with Beverly and its attorneys; and dealings with investment banking firms, financial advisors and potential sources of financing. My work from my New York office involved dealing with many of the issues pertaining to the Beverly merger, all in furtherance of the partnership goal of acquiring Beverly.

Executed under penalty of perjury this 10th day of September, 2007

                                                                                                   Leonard Grunstein

3