IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

| | |
|---|---|
| METCAP SECURITIES LLC, NORTH AMERICAN SENIOR CARE INC., and NASC ACQUISITION CORP., <br><br> Plaintiffs, <br><br> v. <br><br> PEARL SENIOR CARE, LLC.; PSC SUB LLC.; GEARY PROPERTY HOLDINGS, LLC; and BEVERLY ENTERPRISES, INC.; <br><br> Defendants. | ) ) ) ) ) ) ) ) C. A. No. 2129-N ) ) ) ) ) ) ) |

## NOTICE OF SERVICE

Please take notice that PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS was served on all defendants, by their consent, through their counsel, Robert Cohen, Esquire and Joseph Donley, Esquire, Dechert LLP, 30 Rockfeller Plaza, New York, NY 10012.

                          BOUCHARD MARGULES & FRIEDLANDER, P.A.

                          David J. Margules (#2254)
                          James G. McMillan, III (#3979)
                          222 Delaware Avenue, Suite 1400
                          Wilmington, Delaware 19801
                          (302) 573-3500
                          *Attorneys for Plaintiffs*

OF COUNSEL:

Martin Stein (MS9372)
HELLER, HOROWITZ & FEIT, P.C.
292 Madison Avenue
New York, New York 10017
(212) 685-7600

May ____, 2006

{W0002420.}

IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

| | |
|---|---|
| METCAP SECURITIES LLC, NORTH AMERICAN SENIOR CARE INC., and NASC ACQUISITION CORP., <br><br> Plaintiffs, <br><br> v. <br><br> PEARL SENIOR CARE, LLC.; PSC SUB LLC.; GEARY PROPERTY HOLDINGS, LLC; and BEVERLY ENTERPRISES, INC.; <br><br> Defendants. | C. A. No. 2129-N |

### PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Plaintiffs, by their undersigned counsel and pursuant to Court of Chancery Rules 26 and 34, request that all defendants produce and permit plaintiffs to inspect and copy at the offices of Heller, Horowitz & Feit, 292 Madison Avenue, New York, New York, on or before June 26, 2006, or at an earlier time to be ordered by the Court or agreed upon by the parties, the documents set forth below.

DEFINITIONS & INSTRUCTIONS

In responding to this Request, please adhere to the following instructions:

1. This Request calls for the production of all documents generated, created, received and/or sent from January 1, 2005 through the present.

2. All documents are to be produced as kept in the usual course of business or are to be organized and labeled to correspond with the categories in this Request.

3. This Request requires the production of all documents described, including all drafts and non-identical copies in any language.

{W0002420.}

4. This Request requires production of documents in their entirety, without abbreviation or expurgation.

5. This Request requires the production of all documents described herein in the possession, custody, or control of defendants individually and/or collectively as the case may be, including all documents held by affiliates, agents, accountants, attorneys, investment advisers, banks or others with whom defendants have or had a professional relationship, and anyone acting on their behalf or on behalf of any of them, including but not limited to documents in the physical possession of Ronald Silva, Fillmore Capital and Dechert LLP.

6. In the event that any document called for by this Request is to be withheld on the basis of a claim of privilege, that document is to be identified as follows: author, addressee, indicated or blind copies, date, subject matter, number of pages, attachments or appendices, all persons to whom distributed, shown or explained, present custodian, the nature of the privilege asserted, and the complete factual basis for its assertion. The log containing the above descriptions shall be produced contemporaneously with the documents responsive to this Request.

7. The singular includes the plural and vice versa; the word "all" means "any and all"; the word "any" means "any and all"; the word "including" means "including without limitation."

8. The terms "all" and "each" shall be construed as all/each.

9. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Request all responses that might otherwise be construed to be outside of its scope.

10. The term "communication" means all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, notes, telegrams, correspondence, memoranda, facsimile transmissions, or other forms of verbal, written, mechanical, or electronic intercourse.

11. The term "document" means each and every writing in defendants' possession, custody or control, whether an original, a draft or a copy, however produced or reproduced, <u>including electronic data, such as e-mail</u>, whether in paper form or electronic form, and each and every thing in defendants' possession, custody or control from which information can be processed or transcribed, and includes, without limitation, all things meeting the definition of "documents" set forth in Rule 34 of the Court of Chancery Rules or the definition of "writings" and "recordings" set forth in Rule 1001 of the Delaware Uniform Rules of Evidence. This Request shall be deemed to include a request for any and all transmittal sheets, cover letters, exhibits, enclosures or attachments to the document, in addition to the document itself, and all drafts and non-identical copies of same.

12. Plaintiffs request hard copies of all emails responsive to this Request.

13. The term "concerning" means containing, showing, relating or referring to in any way, directly or indirectly, and is meant to include those subjects underlying, supporting, refuting, or discussing the subject matter of the request. It also includes documents that are or were attached or appended to the responsive documents. It also includes all communications to or from any entity or individual to whom the term "concerning" refers.

## DOCUMENT REQUESTS

1. All documents concerning Leonard Grunstein.

2. All documents concerning plaintiff MetCap Securities LLC.

3. All documents concerning any anticipated, actual or projected budgets and/or expenses with respect to the possible, projected and/or actual merger of Beverly Enterprises, Inc. (the "Merger").

4. All documents concerning Wachovia Capital Markets LLC, Capital Source Finance LLC, and/or Capital Funding Group Inc., and relating in any way to the Merger.

BOUCHARD MARGULES & FRIEDLANDER, P.A.

Joel E. Friedlander (#2254)
James G. McMillan, III (#3979)
222 Delaware Avenue, Suite 1400
Wilmington, Delaware 19801
(302) 573-3500
*Attorneys for Plaintiff Bruce J. Rudin*

OF COUNSEL:

Martin Stein (MS9372)
HELLER, HOROWITZ & FEIT, P.C.
292 Madison Avenue
New York, New York 10017
(212) 685-7600

May ___, 2006