```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
LEONARD GRUNSTEIN, JACK DWYER, and        :
CAPITAL FUNDING GROUP, INC.,              :
                                          :
                    Plaintiffs,           :   07 Civ. 3712 (RMB) (RLE)
                                          :
        --against--                       :   SUPPLEMENTAL
                                          :   DECLARATION OF
RONALD E. SILVA; PEARL SENIOR CARE, LLC;  :   RONALD E. SILVA
PSC SUB, LLC; GEARY PROPERTY HOLDINGS, LLC; :
FILLMORE CAPITAL PARTNERS, LLC; FILLMORE  :
STRATEGIC INVESTORS, LLC; DRUMM           :
INVESTORS, LLC; and FILLMORE STRATEGIC    :
MANAGEMENT, LLC.                          :
                                          :
                    Defendants.           :
                                          :
------------------------------------------------------------------x
```

## SUPPLEMENTAL DECLARATION OF RONALD E. SILVA

I, Ronald E. Silva, declare pursuant to 28 U.S.C. section 1746 as follows:

1. I am President and Chief Executive Officer of Fillmore Capital Partners, LLC. I am also President of Fillmore Strategic Management, LLC, Pearl Senior Care, LLC, and Drumm Investors, LLC. I was also President of PSC Sub, LLC before that entity merged with Beverly Enterprises, Inc. I submit this Supplemental Declaration in support of defendants' motion to dismiss plaintiffs' amended complaint. Except as otherwise stated I have personal knowledge of the facts set forth herein.

2. In paragraph 3 of his declaration, Leonard Grunstein, asserts that on June 6, 2005 I met with him to discuss "partnership matters" and the acquisition of Beverly. I was in New York on June 6, 2005 to attend a New York University Hospitality Conference where I participated in a panel discussion at 3:45 p.m. at the Waldorf Astoria Hotel on that day. I have no recollection of meeting with Leonard Grunstein on that date. However, in June 2005, I was involved in continuing phone discussions with Leonard Grunstein regarding an unrelated transaction in which an

affiliate of Fillmore Capital Partners, LLC would provide debt financing to the owners of a real property portfolio which resulted from the privatization of Mariner Health Group. It is likely that any discussions I had with Leonard Grunstein in early June 2005 were related only to this transaction. My best recollection is that Fillmore Capital Partners, LLC did not become involved in the Beverly merger financing discussions until sometime in July 2005.

3.  I also did not discuss or negotiate the alleged partnership or the Beverly Merger Agreement during the August 11, 2005 meeting described in paragraph 3 of the Declaration of Leonard Grunstein. My recollection of that meeting is that it was an approximately two-hour meeting organized by Leonard Grunstein for numerous possible lenders to ask questions regarding the economic assumptions relating to North American Senior Care Inc.'s ("NASC") proposed acquisition of Beverly Enterprises, Inc. At the time of this meeting, Fillmore Capital Partners, LLC was considering providing a portion of the debt financing in connection with NASC's proposed acquisition. The acquisition structure and the economic assumptions changed after NASC assigned its rights and obligations pursuant to the Third Amendment to the Merger Agreement to defendant Pearl Senior Care, Inc. (later renamed Pearl Senior Care, LLC) and the related entities. Further, Fillmore Capital Partners, LLC never provided debt financing as initially contemplated. The primary purpose of my visit to New York during this time was to meet with institutional clients of Fillmore Capital Partners on business unrelated to the Beverly merger.

I declare under penalty of perjury under the laws of United States of America that the foregoing is true and correct. Executed on September 25, 2007, at San Francisco, California.

_____
Ronald E. Silva

12937145.1.LITIGATION

12937145.1.LITIGATION