UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
LEONARD GRUNSTEIN, JACK DWYER, and
CAPITAL FUNDING GROUP, INC.,

                          Plaintiffs,

        --against--

RONALD E. SILVA; PEARL SENIOR CARE, LLC;
PSC SUB, LLC; GEARY PROPERTY HOLDINGS, LLC;
FILLMORE CAPITAL PARTNERS, LLC; FILLMORE
STRATEGIC INVESTORS, LLC; DRUMM
INVESTORS, LLC; and FILLMORE STRATEGIC
MANAGEMENT, LLC.,

                          Defendants,
------------------------------------------------------------------x

07 Civ. 3712 (RMB) (RLE)

**STIPULATION AND
[PROPOSED] ORDER**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/17/07

### STIPULATION AND [PROPOSED] ORDER FOR THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION

WHEREAS, the parties to the above-captioned action (the "Litigation") are engaged in discovery proceedings, which include, among other things, the taking of depositions and the production of documents; and

WHEREAS, these discovery proceedings may involve the production of certain information which the parties or non-parties believe to be confidential and sensitive commercial, financial or business information;

IT IS HEREBY STIPULATED AND AGREED by and among the parties hereto through their undersigned counsel, subject to the approval of the Court, that this Stipulation and Orders issued thereon shall govern the designation and handling of information provided by any of the parties or any non-party witness or legal entity (hearafter for convenience the "Producing Person") which the Producing Party may

designate to be treated as Confidential Information or Highly Confidential Information pursuant to this Stipulation including without limitation all documents, and electronic data and discovery containing same or related thereto, including but not limited to deposition testimony and transcripts and responses to interrogatories, whether produced before or after entry of this Stipulation and Order:

1. All information produced in this Action or in *Metcap Securities LLC v. Pearl Senior Care*, LLC, *et al.*, Civil Action No. 2129-N, pending in Delaware Chancery Court (the "*Metcap* Action") by a Producing Person which is designated by such Producing Person as either Confidential Information or Highly Confidential Information, and all documents and electronic data containing same and all discovery with respect to same, including deposition testimony and transcripts and responses to interrogatories, shall be used solely for this litigation, in the *Metcap* action and in such other litigation, if any, relating to the subject matter of this dispute ("Lawsuits"), in the fashion described herein and in such further stipulations as the parties to the Lawsuits may make with respect thereto, such orders, modifications or alterations hereof as may be entered on the application of any party or as any Court deems appropriate in one or more of the Lawsuits and with respect thereto. Nothing contained herein shall preclude or limit any party from seeking any such orders, modifications or alterations.

2. As used herein, "Confidential Information" shall mean information designated by a Producing Person as "Confidential Information" and all discovery materials containing or referring to same and all litigation and other materials derived therefrom. A Producing Person shall designate as "Confidential Information" only

information that the Producing Person believes in good faith to contain confidential or proprietary information.

3. Confidential Information may be disclosed only to the following categories of persons:

    a. Counsel for one or more of the parties in the Lawsuits, other than in house counsel for any party, and employees, agents and investigators of such counsel necessary to assist such counsel with respect to the Lawsuits provided that each of them is first provided with a copy of this Stipulation and agrees, in writing, to be bound thereby and further agrees to take diligent measures to prevent the disclosure of information protected by an order issued pursuant to this stipulation to anyone not authorized by this Stipulation to receive such information, and consents to the jurisdiction of the Courts where the Lawsuits are pending solely for the purpose of allowing such Court to enforce the provisions of this Stipulation and for no other purpose;

    b. The parties in the Lawsuits, through such officers, directors, or employees of the parties who may be necessary to assist their counsel in connection with the Action; provided that each of them is first provided with a copy of this Stipulation and agrees, in writing, to be bound thereby and further agrees to take diligent measures to prevent the disclosure of information

       protected by an order issued pursuant to this Stipulation to anyone not otherwise authorized by this Stipulation to receive such "Confidential Information", and consents to the jurisdiction of the Courts where the Lawsuits are pending solely for the purpose of allowing such Courts to enforce the provisions of this Stipulation and for no other purpose;

c.    Nonparty experts or consultants retained in good faith to assist such counsel with respect to the Action; provided that such experts or consultants are first provided with a copy of this Stipulation and agree, in writing, to be bound thereby with respect to the treatment of Confidential Information and further agree to take diligent measures to prevent the disclosure of such information to any person within the expert's or consultant's firm not involved in assisting counsel with respect to the Action, or others, and consent to the jurisdiction where the Action is pending for any action to enforce the provisions of this Stipulation;

d.    Witnesses at deposition or trial (or in preparation for deposition or trial) but only to the extent reasonably necessary for that purpose; provided that such persons are first provided with a copy of this Stipulation and any order issued thereon and informed that the Court may be requested to impose sanctions

      for any use of Confidential Information other than as provided herein;

    e.    Court reporters, stenographers, or video operators at depositions, court or arbitral proceedings at which Confidential Information is disclosed provided they are served with a copy of this Stipulation and any order issued thereon;

    f.    The Court, its personnel and any other person designated by the Court, upon such terms as the Court may deem proper; and,

    g.    Any person indicated on the face of a document to be the author, addressee, or a recipient of document or a copy of a document containing the Confidential Information.

    4.    As used herein, "Highly Confidential Information" shall mean information designated by a Producing Person as "Highly Confidential Information" and all discovery materials containing or referring to same and all litigation and other materials derived therefrom. A Producing Person shall designate as "Highly Confidential Information" only information that the Producing Person believes in good faith to contain highly confidential or proprietary information as to which the Producing person believes in good faith and for legitimate and proper reasons certain parties to the Litigation should not have access to same. Such designation shall also identify all parties to this action whom the Producing Person designates as a person to whom the Highly Confidential Information may not be disclosed (hereafter a "Designated Party"). A Producing Person shall designate as "Highly Confidential

Information" only information that the Producing Person and any counsel representing the Producing Person believe in good faith contain confidential or proprietary information which, if disclosed to the Designated Party(ies) might cause competitive harm to the Producing Person. "Highly Confidential Information" shall include all documents and electronic data containing same and all discovery with respect to same, including deposition testimony and transcripts and responses to interrogatories, and such materials and information derived therefrom or referring thereto. Except as provided by agreement of the Producing Person or order of a Court, Highly Confidential Information shall not be disclosed to a Designated Party, but may be used by all other persons identified in paragraph 3 above including without limitation counsel for each Designated Party, other than in house counsel, employees, agents and investigators of such counsel necessary to assist such counsel with respect to the Action , and nonparty experts or consultants retained in good faith to assist such counsel with respect to any part of the Litigation. No Producing Person may designate as a Designated Party with respect to any Highly Confidential Information any person who is indicated on the face of any information, document, and electronic data containing such Highly Confidential Information to be the author, addressee, or a recipient of a document or electronic data which contained the Highly Confidential Information.

5.   A Producing Person may designate information as Confidential or Highly Confidential Information by marking or stamping documents (on the first page of a multi-page document, provided that the document is securely bound), other information, or electronic media as "Confidential" or "Highly Confidential." A

Producing Person may also designate electronic media as Confidential or Highly Confidential Information by informing recipients of the information in writing of its Confidential or Highly Confidential designation. The recipients shall thereafter all documents and electronic data so designated as "Confidential" or "Highly Confidential" and shall so advise all parties to the Litigation of such Confidential or Highly Confidential Information and that it is to be treated in accordance with the terms of this Stipulation. The original and all copies of a transcript of a deposition or other proceeding which contains Confidential Information shall be marked on its face "Contains Confidential Information Subject to Protective Order." The original and all copies of any transcript of a deposition or other proceeding which contains Highly Confidential Information shall be shall be marked prominently on its face "Contains Highly Confidential Information Subject to Protective Order And May Not Be Shown to [insert names of Designated Parties]." Failure to designate information or materials as Confidential or Highly Confidential Information at the time of their production may be remedied if the Producing Person provides both (a) prompt supplemental written notice, and (b) replacement copies of the confidential materials marked in accordance with this paragraph ("Supplemental Designation"), but absent order of the Court, no party may designate portions of a deposition transcript as Highly Confidential more than five (5) business days after receipt of the first version of the transcript. Upon receiving such supplemental notice and replacement copies, as applicable, the recipient shall thereafter treat the designated materials previously received in accordance with the terms of this Stipulation and shall return the copies of the materials obtained prior

to such Supplemental Designation to the Producing Party or destroy them within ten (10) business days.

6.  The Producing Person may, on the record of a deposition designate any portion or portions of such transcript, including exhibits, as Highly Confidential Information under the terms of this Stipulation and the Designated Persons shall be excluded from that portion of the deposition unless otherwise ordered by the Court.

7.  If a party objects to a Producing Person's designation of any discovery material as Confidential or Highly Confidential Information or seeks to use such materials other than as permitted by this Stipulation, the parties shall so state on the record at a deposition or other proceeding or by letter to the Producing Person (or its counsel). The Producing Person and the objecting party shall promptly confer, in good faith, to resolve any dispute concerning the designation and treatment of such information pursuant to the terms of this Stipulation. In the event that the parties are unable to resolve any dispute concerning treatment of information as Confidential or Highly Confidential Information, the objecting Party may, upon application to the Court on notice to the Producing Person and all parties to this Action, seek an order from the Court directing that such information shall not be treated as Confidential or Highly Confidential Information pursuant to this Stipulation. The Producing Person shall bear the burden to demonstrate that the designation of such discovery material as Confidential or Highly Confidential Information is proper and unless the Producing Person meets such burden the Court shall de-designate such information. Pending determination of such motion, any information previously designated as Confidential

or Highly Confidential Information shall continue to be treated in accordance with its original designation.

8. Subject to the applicable rules of procedure governing the Lawsuit in with the Confidential or Highly Confidential Information is sought to be used:

(a) Confidential or Highly Confidential Information may be filed with the Clerk of the Court in the Action under seal and shall be handled by the Court in the manner it determines appropriate to prevent public disclosure thereof.

(b) Confidential or Highly Confidential Information may be offered into evidence at trial, or any hearing in open Court, in the Lawsuits provided that except as may otherwise be determined by the Court (i) no Designated Person may be present during the discussion of information designated as Highly Confidential as to such Designated Person and (ii) no persons other than those identified in paragraph 3 above shall be present during the proceeding.

9. This Stipulation shall have no effect on the admissibility or discoverability of any Confidential or Highly Confidential Information. By signing this Stipulation, the parties do not agree that the information designated by any Producing Person as Confidential or Highly Confidential Information is, in fact, confidential.

10. Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a Producing Person to seek relief for inadvertent disclosure of material protected by privilege or work product protection.

11. The parties intend that this Stipulation bar production of Confidential or Highly Confidential Information to third parties not identified in paragraph 3 above to

the maximum extent permitted by law. Should a party or its counsel be served with a subpoena or other notice seeking production of Confidential or Highly Confidential Information that it obtained pursuant to this Stipulation, the party on whom such subpoena is served shall give notice to the Producing Person, in writing within five (5) business days' notice (or if the subpoena requires the parties to produce Confidential or Highly Confidential Information earlier than on five days' notice, sufficiently in advance of the requested production date to allow the Producing Person to object to the requested production); however, unless the Producing Person quashes such subpoena or notice or obtains a protective order relieving the party from compliance therewith, the party may produce the Confidential or Highly Confidential Information.

12. This Stipulation has no effect upon, and its scope shall not extend to, a party's use of its own Confidential or Highly Confidential Information for any purpose, provided, however, that the public disclosure of such documents by the Producing Person removes any confidentiality designation from such documents.

13. Nothing herein shall prevent or prejudice a Producing Person from seeking additional or greater protection with respect to the use or disclosure of Confidential or Highly Confidential Information in connection with any hearing or other proceeding in the Action or otherwise. Likewise, nothing herein shall prevent or prejudice a party from seeking lesser protection with respect to the use or disclosure of Producing Person's Confidential or Highly Confidential Information in any hearing or other proceeding in the Action or otherwise.

14. After the final resolution of each Party's involvement as a party in the Lawsuits through either final judgment (after appeals if applicable) or settlement, the party shall, upon written request by the Producing Person, (1) either return the documents produced by the Producing Person to the Producing Person along with all copies thereof to the extent not previously destroyed and/or at the discretion of the party receiving the request make commercially reasonable efforts to destroy all copies of Confidential or Highly Confidential Information that have been produced by such Producing Person within ninety (90) days of such final resolution, and (2) provide to the Producing Person written certification of compliance with this paragraph.

Notwithstanding the foregoing, outside counsel for the parties shall be entitled to retain court papers, depositions, trial transcripts and attorney work product (including Confidential or Highly Confidential Information), *provided* that such outside counsel shall not disclose Confidential or Highly Confidential Information to any person other than as provided hereinabove except pursuant to a court order or agreement with the party that produced the Confidential Information. All material returned to the parties or their counsel by the Court shall likewise be handled in accordance with this paragraph.

15. By entering into this Stipulation, defendants are not waiving any objections based on Federal Rule of Civil Procedure Rule 12(b)(2).

16. In the event additional parties join or are joined in this action, the newly joined party(ies) shall not have access to Confidential or Highly Confidential Information until its

counsel has executed and, at the request of any party, filed with the Court its agreement to be fully bound by this Stipulation or a Court order has been obtained with respect thereto.

17. Non-parties who produce discovery materials pursuant to this Stipulation shall have the benefit of this Stipulation, and shall be entitled to enforce its terms, if they agree to be bound hereby.

18. This Stipulation may be executed in counterparts.

STIPULATED AND AGREED TO BY:

HELLER, HOROWITZ & FEIT, P.C.

By: _____    _____12/6/07_____
      Martin Stein                                                                Dated
      292 Madison Avenue
      New York, New York 10017
      (212) 685-7600


Ron S. Kaufman
Fenigstein & Kaufman
1900 Avenue of the Stars
Suite 2300
Los Angeles, CA 90067
(301) 201-0777

*Attorneys for Plaintiffs Leonard Grunstein,
Jack Dwyer and Capital Funding Group, Inc.*

- 13 -

DECHERT LLP

By: _/s/ Joseph F. Donley_       12/6/07
Joseph F. Donley      Dated
30 Rockefeller Plaza
New York, New York 10112-2200
(212) 698-3500

*Attorneys for Defendants Ronald E. Silva, Pearl Senior Care, LLC, PSC SUB, LLC, Geary Property Holdings, LLC, Fillmore Capital Partners, LLC, Fillmore Strategic Investors, LLC, Drumm Investors, LLC, and Fillmore Strategic Management, LLC*

**IT IS SO ORDERED:**

_/s/ Ronald L. Ellis_      12-14-07
Honorable Ronald L. Ellis      Dated
U.S. Magistrate Judge