UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
LEONARD GRUNSTEIN, JACK DWYER,
and CAPITAL FUNDING GROUP, INC.,

       Plaintiffs,

    -against-

RONALD E. SILVA; PEARL SENIOR CARE,
LLC; PSC SUB, LLC; GEARY PROPERTY
HOLDINGS, LLC; FILLMORE CAPITAL
PARTNERS, LLC; FILLMORE STRATEGIC
INVESTORS, LLC; DRUMM INVESTORS, LLC;
and FILLMORE STRATEGIC MANAGEMENT,
LLC,

       Defendants.
------------------------------------------------------------X

07 Civ. 3712 (RMB)

**ORDER**



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/11/08

**I. Background**

On or about August 17, 2007, Leonard Grunstein, a resident of New Jersey ("Grunstein"), Jack Dwyer, a resident of Maryland ("Dwyer"), and Capital Funding Group, Inc. ("Capital Funding"), a corporation organized under Maryland law with its principal place of business in Maryland, (collectively, "Plaintiffs") filed an amended complaint ("Complaint"), alleging breach of a partnership agreement "to acquire Beverly Enterprises, Inc." ("Beverly") and asserting diversity jurisdiction, against Ronald E. Silva, a resident of California ("Silva"), Pearl Senior Care, LLC ("Pearl"), PSC Sub, LLC ("PSC"), Geary Property Holdings, LLC ("Geary"), Fillmore Capital Partners, LLC ("FCP"), Fillmore Strategic Investors, LLC ("FSI"), Drumm Investors, LLC ("Drumm"), and Fillmore Strategic Management, LLC ("FSM"), which are corporations alleged to be organized under Delaware law with their principal places of business in California (collectively, "Defendants"). (Compl. ¶ 32.)

1

On or about August 31, 2007, Defendants filed a motion to dismiss the Complaint pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 12(b)(1), 12(b)(2), 12(b)(3), and 12(b)(6), arguing, among other things, that (1) "there is not complete diversity between the parties"; and (2) "the forum selection clause [contained in the merger agreement governing the purchase of Beverly's stock ("Merger Agreement")] requires filing in Delaware state court." (Mem. in Supp. of Defs.' Mot. to Dismiss ("Defs. Mem.") at 10, 13.)[1] On or about September 12, 2007, Plaintiffs filed an opposition brief ("Opposition") arguing, among other things, that (1) "this Court has subject matter jurisdiction based on diversity of citizenship"; and (2) "the forum selection clause is inapplicable." (Mem. in Opp. to Defs.' Mot. to Dismiss ("Pls. Mem.") at 5, 9.) On or about September 26, 2007, Defendants filed a reply brief ("Reply"). The parties waived oral argument.

**For the reasons stated below, Defendants' motion to dismiss is granted.**

## II.     Legal Standard

A court should "enforce a contractual forum selection clause unless it is clearly shown that enforcement would be unreasonable and unjust or that the clause was obtained through fraud or overreaching." Jones v. Weibrecht, 901 F.2d 17, 18 (2d Cir. 1990). "In deciding a motion to dismiss based on a forum selection clause," "[t]he plaintiff bears the burden of overcoming a presumption of the forum selection clause's enforceability." Nippon Express U.S.A. v. M/V Chang Jiang Bridge, No. 06 Civ. 694, 2007 WL 4457033, at *3 (S.D.N.Y. Dec. 13, 2007) (citation and quotation omitted).

---

[1]     Defendants also argue that the Complaint should be dismissed on the merits. See Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp., 127 S. Ct. 1184, 1186 (2007) ("a federal court . . . may not rule on the merits of a case without first determining that it has jurisdiction").

III.  Analysis

  (1)  **Diversity of Citizenship**

Defendants argue that "Defendant Geary and Plaintiff Jack Dwyer are residents of the same state," i.e. Maryland, because "Plaintiff Jack Dwyer is a citizen and domiciliary of the State of Maryland" and "[o]ne of [Defendant] Geary's members, Beverly Enterprises—Maryland, Inc. ["BEI Maryland"] . . . [has] its principal place of business in Maryland" with "all of [BEI Maryland's] business operations . . . located in Maryland." (See Defs. Mem. at 13; Reply at 4–5.)

Plaintiffs counter that "BEI Maryland" has its "principal place of business in California, and not Maryland" because, among other reasons, "[t]he website of the Maryland Department of Assessments and Taxation lists the 'Principal Office' of BEI Maryland as Pasadena, California"; and "[t]he website of the California secretary of state lists the address for BEI Maryland as being in 'Fresno, California.'" (Pls. Mem. at 9–10.)

"[I]n determining whether diversity of citizenship exists, the court may consider evidence outside the pleadings, such as affidavits and documentary evidence" and "no presumptive truthfulness attaches to the complaint's jurisdictional allegations." Peters v. Timespan Communications, Inc., No. 97 Civ. 8750, 1999 WL 135231, at *2–3 (S.D.N.Y. Mar. 12, 1999). Plaintiffs have not met their burden of establishing that diversity jurisdiction exists, see Halbritter v. Stonehedge Acquisition Rome II, LLC, No. 07 Civ. 3848, 2008 WL 926583, at *2 (S.D.N.Y. Apr. 2, 2008), particularly in light of Defendants' evidence that BEI Maryland's "principal place of business is located in [Maryland,] the state with which the corporation has its most extensive contacts [and] its greatest impact on the general public," see Riklis v. Reese, No. 06 Civ. 6368, 2007 WL 1946536, at *4 (S.D.N.Y. June 28, 2007). Because "the citizenship of a

limited liability corporation is determined by reference to the citizenship of its members," Debary v. Harrah's Operating Co., Inc., 465 F. Supp. 2d 250, 258 (S.D.N.Y. 2006), and because Defendant Geary's BEI Maryland and Plaintiff Dwyer both appear to be citizens of Maryland, the Court lacks jurisdiction over Plaintiffs' claims, see Peters, 1999 WL 135231, at *3.

(2)     **Forum Selection Clause**

Assuming, arguendo, that there were complete diversity of citizenship, Defendants' motion to dismiss would, nevertheless, be granted based upon the forum selection clause contained in the Merger Agreement which provides that: "[a]ny legal action, suit or proceeding arising out of or relating to this Agreement or the transactions contemplated hereby shall be brought solely in the Chancery Court of the State of Delaware." (See Merger Agreement, Section 9.9.2.)

Defendants argue, among other things, that "Plaintiffs' claims that they are each entitled to an equal share of Beverly are directly related and predicated upon the rights of the parties to the Merger Agreement," which "designat[es] the Delaware Court of Chancery as the exclusive forum"; "Plaintiffs allege that a purported oral partnership existed for the sole purpose of acquiring Beverly, and that the Merger Agreement was 'executed to carry out the agreement of the partners'"; "the only written agreement alleged to govern the purchase of Beverly's equity is the Merger Agreement"; and "Plaintiff Grunstein was intimately involved in the drafting and signing of the Merger Agreement." (Defs. Mem. at 10–13; Reply at 1–3.)

Plaintiffs counter, among other things, that their claim "is based not on the Merger Agreement, but rather on a partnership agreement"; "Plaintiff Grunstein signed the Merger Agreement, on behalf of SBEV, which is not a party to this lawsuit"; "because the partnership agreement pre-dated the Merger Agreement . . . , it was not 'foreseeable' that the Plaintiffs

4

would be bound to litigate in Delaware"; and "[w]hile the acquisition of Beverly was achieved pursuant to the Merger Agreement, that does not make the forum selection clause contained in that agreement applicable to Plaintiffs who were not parties it." (Pls. Mem. at 5–7.)

Because "venue and jurisdiction [are] specified with exclusive [and] mandatory language" in the forum selection clause, it should be enforced. Nippon Express U.S.A. (Illinois), Inc. v. M/V Chang Jiang Bridge, No. 06 Civ. 694, 2007 WL 4457033, at *4 (S.D.N.Y. Dec. 13, 2007). "[A] range of transaction participants, parties and non-parties, should benefit from and be subject to forum selection clauses." Nanopierce Technologies, Inc. v. Southridge Capital Management LLC, No. 02 Civ. 0767, 2003 WL 22882137, at *5 (S.D.N.Y. Dec. 4, 2003). Because the signatories of the Merger Agreement are "closely related" to Plaintiffs (i.e. Plaintiff Grunstein signed the Merger Agreement and the signatories "were special purpose entities formed to acquire Beverly . . . [from which] the partnership would receive its interest in Beverly") and Plaintiffs' claims are "completely dependent" upon the existence of the Merger Agreement, it was "foreseeable that [Plaintiffs would] be bound" by the forum selection clause. See id.; (Compl. ¶ 18); see also Weingard v. Telepathy, Inc., No. 05 Civ. 2024, 2005 WL 2990645, at *4–6 (S.D.N.Y. Nov. 7, 2005).

## IV.   Conclusion and Order

For the reasons stated herein, Defendants' motion to dismiss [#14] is granted. The Clerk is respectfully requested to close the case.

Dated: New York, New York
      April 11, 2008

_____
**RICHARD M. BERMAN, U.S.D.J.**

5