(177240.8)

# HELLER, HOROWITZ & FEIT, P.C.

JACOB W. HELLER
RICHARD F. HOROWITZ
ELI FEIT
LAWRENCE J. TOSCANO
STUART A. BLANDER
MAURICE W. HELLER
ALAN A. HELLER
CLIFFORD J. BOND
JOSEPH S. SCHICK

ALLEN M. EISENBERG
EVAN R. SHUSTERMAN

ATTORNEYS AT LAW
292 MADISON AVENUE
NEW YORK, N.Y. 10017
(212) 685-7600

MARTIN STEIN
COUNSEL

CABLE ADDRESS
HELLFEITER, N.Y.

TELECOPIER
(212) 696-9459

WORLD WIDE WEB
HTTP://WWW.HHANDF.COM

E-MAIL
MSTEIN@HHANDF.COM

May 14, 2008

VIA FEDERAL EXPRESS
Hon. Richard Berman
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

**MEMO ENDORSED**

p3

Re:   Grunstein et al. v. Silva et al.
      07 CIV. 3712

Dear Judge Berman:

This firm represents plaintiffs in the above-captioned action. I am writing this letter in opposition to the letter of Joseph Donley dated May 7, 2008, in which he requests that defendants be awarded costs of $17,324.51 for deposition transcripts and $7,502.96 for travel expenses with respect to such depositions, in connection with the above-action, which was dismissed for lack of subject matter jurisdiction.

Plaintiffs respectfully submit that the application for costs must be denied in its entirety for the following reasons:

A.   The Deposition Transcripts
     Were Not "Used" by the Court

Local Rule 54.1(c) provides:

> "Costs for depositions are also taxable if they were used by the court in ruling on a motion for summary judgment or other dispositive substantive motion. Costs for depositions taken solely for discovery are not taxable."

Hon. Richard Berman
May 14, 2008
Page 2

In the present case, none of the depositions for which plaintiffs seek reimbursement were ever submitted to the Court, and *a fortiori* they were not, nor could they have been, "used" or considered by the Court in deciding the motion to dismiss. See, e.g., Knoll v. Equinox, 2007 WL 4526596 at *2 Note 13 (S.D.N.Y. 2007) ("depositions are considered 'used' if they were submitted as part of the summary judgment motion and considered by the Court in reaching its decision"). Mr. Donley does not make any claim to the contrary. The depositions were taken "solely for discovery" and are not taxable. Since the costs of the transcripts are not taxable, it follows that counsel's travel expenses in connection with the taking of the depositions cannot be taxed as costs either.[1]

B.  The Deposition Transcripts will be used
    in a Pending Action and in this Action
    which will be Re-filed in another Court

As the court is aware, there is currently pending in Chancery Court in Delaware a related action entitled Metcap et al. v. Pearl Senior Care et al. The attorneys in this action (who also represent the parties in the Delaware action) have stipulated that all discovery taken in this action can be used in the Delaware action.

Furthermore, because the dismissal of this action was based on subject matter jurisdiction and not on the merits, plaintiffs will have the right to re-file this action in another court. Plaintiffs will be re-filling this action in Delaware shortly, and the parties have already agreed to use a deposition scheduled for May 22, 2008 in both actions, even though this action has not yet been re-filed. Thus, at the conclusion of the actions in Delaware, defendants will have the opportunity to seek the very costs they are requesting now.

Under the circumstances, there is no basis for awarding the costs of the deposition transcripts at this time. In Callicrate v. Farmland Industries, 139 F.3d 1336, 1342 (10th Cir. 1998), the Court reversed an award of costs where the case had been dismissed for lack of diversity jurisdiction, and the action was subsequently re-filed and pending in state court:

> Since the merit of the controversy between Callicrate
> and Co-op (Grinnell) is undecided, the determination
> below that Co-Op should recover costs incurred

---

[1] While Local Rule 54.1 provides for taxing the costs of transcripts (under circumstances which are not applicable here), there is no specific provision allowing for the costs of counsel's travel and hotel expenses in connection with depositions.

      respecting the merits of the feed supplement
      controversy is speculative and premature. Recovery of
      costs for the depositions and expenses of Co-Op in
      meeting the merits of Callicrate's claims may be sought
      in the state court if Co-Op prevails there.

The same is true in this case.

                                          Respectfully,

                                          Martin Stein

MS:sp

cc:    Joseph Donley, Esq.  *(via email)*
       Ron Kaufman, Esq. *(via email)*

---

The Court exercises its discretion NOT to award costs. Counterpoint v. JVW, Inc. etc., 2004 WL 2181087 (SDNY Sept 29, '04). Moreover, discovery may well be used in subsequent (state) proceedings. The issue may well be revisited in state court.

SO ORDERED.
Date: 5/15/08

Richard M. Berman, U.S.D.J.